IN THE MATTER OF THE PETITION OF SARAH E. BASSFORD ET AL. TO VACATE AN ASSESSMENT FOR PAVING AVENUE B, IN THE CITY OF NEW YORK.

In an application to vacate an assessment under the act in relation to frauds in assessments for local improvements in the city of New York (chap. 338, Laws of 1858), the *onus* of establishing the alleged fraud or irregularity is upon the applicant, and he must make it appear that such fraud or irregularity exists before he is entitled to the relief sought.
A single publication of a resolution authorizing a specific improvement in the city of New York two days before its adoption is a sufficient compliance with the provision of the city charter of 1857 (§ 7, chap. 446, Laws of 1857), which prohibits the passage or adoption of such resolution until it has been published in all the newspapers employed by the corporation at least two days. (Opinion of INGRAHAM, J., note.)

(Argued December 10, 1872; decided December 17, 1872.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, reversing an order of Special Term vacating an assessment for paving Avenue B, in the city of New York, with trapblock pavement, from Houston street to Fourteenth street.

On the 30th December, 1871, the petitioners presented their petition pursuant to chapter 338, Laws of 1858, for the vacation of above assessment. The grounds stated were: 1st. That said assessment was never confirmed by the common council of the city of New York. 2d. That the resolution and ordinance authorizing the work were not published,

as required by the seventh and thirty-seventh sections of chapter 446, Laws of 1857 (the city charter).

The original resolution authorizing the work was published once, two days before its passage, by the board of aldermen, and also before its passage by the board of councilmen. A communication from the Croton aqueduct board to the board of aldermen, with resolution attached amending the original resolution, was also published, with proceedings of the latter board, two days before its adoption, and the amended resolution was also published two days before its passage by the board of councilmen. The work was done under the amended resolution.

The assessment list was confirmed by the board of revision and correction, constituted by chapter 308, Laws of 1861, but it did not appear that it was confirmed by the common council.

*Charles E. Miller* for the appellants. The resolution and ordinance were adopted before they had been published two days, as required by section 7 of the charter of 1857. (*In re Douglass*, 1 Sickels, 42; *In re Gordon*, decided December, 1871, CARDOZO, J.)

*D. J. Dean* for the respondents. One publication made two days before action of the respective boards is sufficient. (§ 7, chap. 446, Laws of 1857.) The statute is directory, not mandatory. (Sedg. on Stat. and Const. Law, 370, 371; *Cole* v. *Green*, 6 Man. & Gran., 872; *Regina* v. *Fordham*, 11 A. & E., 88; *Rex* v. *Leicester*, 7 Barnes & Cres., 6; *Striker* v. *Kelly*, 7 Hill, 9; 12 Wend., 581; 19 id., 143; 4 Seld., 88; 34 N. Y., 268.)

ANDREWS, J. We concur in the opinion expressed by INGRAHAM, J., at General Term, that there was a publication of the resolution and ordinance for the improvement, for which the petitioners have been assessed, within chapter 446 of the Laws of 1857; and we adopt the reasons expressed in that opinion upon this question.*

---

* The following is the opinion of INGRAHAM, J., referred to and adopted by the court:

Opinion of the Court, per Andrews, J.

It is claimed, however, that the assessment was void for another reason, viz., that the assessment list was not confirmed by the common council, as required by the act of 1813. By that act such confirmation was necessary in order to create a lien upon the property assessed. (Valentine's Laws, p. 1191.) By chapter 308, Laws of 1861, the power to confirm assessment lists, theretofore possessed by the common council, was conferred upon a board of revision and correction thereby constituted.

It appears in the case that the assessment in question was

INGRAHAM, P. J. In the case of Douglass, it was held in this court that one publication two days before the passage of the resolution was sufficient. That case, I understand, was reversed, on the ground that there was no sufficient publication before the passage of the resolutions in each board. I am still of the opinion that the statute only requires the notice to be published once, and that the resolution shall not be passed until two days after such notice. The statute says the resolution, etc., shall not be passed or adopted until after such notice has been published at least two days. ANDREWS, J., in the case of Douglass, says: " The design was to apprise the tax-payers in the manner pointed out in the statute of any contemplated improvement, that by remonstrance or suggestions the same might be modified or prevented." It is reasonable to suppose that such notice would be more available by waiting two days after its publication than by requiring two publications within twenty-four hours previous to the time of acting.

There was nothing in the Douglass case that decided this question, and I see no reason for changing the views on this point. All laws requiring a party to have a given number of days notice have been construed to mean one notice served so many days before the act can be done. Thus the notice of time to plead used to be a notice of twenty days. A notice of trial is fourteen days, and so in regard to all other notices served on the opposite party. The notice of sale by sheriffs and other notices to be published are generally directed to be published once a week or oftener by special direction. I think these orders should be reversed.

In addition to what has been said as to all the cases, we think the publication of the resolution as sent to the board of aldermen in the communication of the Croton board was a sufficient compliance with the statute. The object of the law was to provide notice to persons interested that such a proposition was pending before them. That object was as fully attained by publishing the resolution as recommended by the Croton board, as if would have been if offered by a member of the board of aldermen. Either would give notice of the pendency of the resolution before the board. That is all the law requires.

confirmed by this board; but it is claimed by the appellants that the act constituting such board is in violation of section 16, article 3 of the Constitution, which provides that "no private or local bill shall embrace more than one subject, and that shall be expressed in its title."

This is a proceeding under chapter 338, Laws of 1858, which authorizes any party aggrieved by an assessment for a local improvement in the city of New York, and who alleges any fraud or irregularity therein, to apply to a judge of the Supreme Court for a hearing in respect thereto.

The second section provides that if, upon the hearing, "it shall appear that the alleged fraud or irregularity has been committed, the said assessments shall be vacated; and the lien created thereby, or by any subsequent proceedings, shall cease."

In an application to vacate an assessment under this act, the *onus* of establishing the alleged fraud or irregularity is upon the applicant.

It does appear that the board, constituted by the act of 1861, assumed to act upon and confirmed this assessment; but it does not appear from the proof made, or by any legal inference therefrom, that the assessment was not also confirmed by the common council under the act of 1813.

The party availing himself of the summary remedy, given by the statute of 1858, must make it "appear" that the alleged fraud or irregularity exists before he is entitled to relief under it.

If the act of 1861 was unconstitutional, then the common council had authority to confirm this assessment; and in the absence of proof that it did not do so, it cannot be assumed that the authority was not exercised.

If the act was constitutional, then it affirmatively appears that the assessment was legally confirmed.

In either respect it is unnecessary to consider the question raised as to the validity of the act.

The order is affirmed, with costs.

All concur.   Order affirmed.