Andrews, J.
The charter of the city of Brooklyn confers upon the common council the power to widen and to grade- and pave the streets and avenues of the city, upon the petition of a majority of the persons owning land situated on the line of the proposed improvement. i
Before acting upon the petition and directing the improvement the council is required to fix the limit or district -of assessment, beyond which the assessment for the expense ;of ■ the improvement shall not extend, and publish the same with' a notice of the time when they “ will proceed upon the petition,” and unless a majority of, the persons liable to assessment remonstrate against the improvement, the council may direct it to be made. (Laws 1854, chap. 384, tit. 4; Laws 1861, chap. 169.)
The assessment for the expenses may in such case extend to any lands within the taxing district fixed by the councih The widening of Prospect avenue (formerly Middle street), for the expenses of which the relator has been assessed? was not done by the common council under the authority given; by the charter, but by the direct action of the legislature. - - The law of 1868 (chap. 844), authorizing the improvement, declares that the avenue is “ hereby widened,” and prescribes the extent of the change directed. By the second section, provision is made for the appointment of commissioners to esti *397 mate the expenses of the improvement and the damages sustained by the owners of lands and buildings affected thereby.
The third section directs that the common council, on the completion of the award of the commissioners, “ shall proceed to grade and pave the above street, and the assessors of the city of Brooklyn shall assess the expenses of said improvement upon the property adjoining.”
The lots of the relator are not upon the avenue, but front on another street, and are separated from the avenue by lands of other owners, and were not liable to assessment, unless they were “ property adjoining ” the avenue, within the statute.
The power of the common council to fix the assessment district, when a local improvement is made under the provisions of the charter, does not aid in the construction of this statute.
- The statute not only directs the improvement to be made, but defines the property liable to assessment.
The word “ adjoining,” in its etymological sense, means touching or contiguous, as distinguished from lying near or adjacent. (Orabb’s English Synonyms.) And the same meaning has been given to it when used in statutes. (Rex v. Hodge, 1 Mood & Malk., 371; Peverelly v. People, 3 Park. Cr. R., 59; Holmes v. Carley, 31 N. Y., 289.) i So in the charter of Brooklyn, the expenses of flagging sidewalks is to be assessed on the “adjoining” lots (Laws of 1854, chap. 384, § 13, sub. 22); and in the statute relating to division fences (1 Rev. Stat., 563, § 30), and in section 401 of the Code, prescribing in what counties motions may be made, the word is used in its ordinary and proper sense. Ror is there anything in the statute to indicate that the words “ property adjoining” were used in a broader sense than their ordinary and natural one.
The benefit of widening a street, already wide enough for ordinary traffic, may well have been regarded by the legislature as inuring mainly to the property owners upon it, and as not justifying an extension of the area of assessment beyond *398 the coterminous property. It is the property adjoining the avenue which is to be assessed, and the relator had no pro-' perty answering this description.
The order, so far as it vacates the assessment on the property of the relator for the widening of Prospect avenue* should be affirmed.
The order also vacates an assessment upon the same property for paving and grading Middle street, from Fifth to Minth avenue.
The act of 1868, which authorizes the widening a part of Middle street, changes the name of the part so to be widened to Prospect avenue, and authorizes the common council to grade and pave it.
It does not appear by the admissions or evidence in the case that the latter assessment was for expenses incurred under the act of 1868. The assessment purports to have been for paving and grading “ Middle street,” not Prospect avenue. It was for work done “ from Fifth to Minth avenues,’ ’ and not from Hamilton avenue to the city line, the termini between which the grading and paving was directed by the act to be done.
. This assessment was confirmed in April, and the assessment for widening the street in Sepember afterward.
Thp proceeding to vacate the assessment was taken under chap. 338 of the Laws of 1858, as amended in 1871, and it was held by this court (In re Bassford, 1873, 50 N. Y., 509), that the onus of establishing the fraud or irregularity in proceedings under the act of 1858, to vacate an assessment, was upon the appHcant.
If the assessment for grading and paving was for work done under the act of 1868, the relator should have shown it. In the absence of this proof) we cannot say that the assessment was unauthorized. H (as is claimed on behalf of the corporation) it was made for grading and paving Middle street before it was changed to Prospect avenue, the assessment may have been valid.
The order of the General Term should be affirmed as to the *399 assessment for widening Prospect avenue, and reversed as to the other assessment.
All concur.
, Ordered accordingly.