In the Matter of the Petition of JEREMIAH H. MOORE to Vacate an Assessment for SECOND AVENUE.

*Assessments — purchase of property subsequent to confirmation — presumed to have been made subject to — Party aggrieved — who is under chap. 338 of 1858.*

Where a person moves, under chapter 338 of 1858, to vacate an assessment upon property purchased by him subsequent to the confirmation of the assessment, it rests upon him to show that he is aggrieved thereby. In the absence of any evidence on this point, it will be presumed that he purchased subject to the assessment, and that the same formed part of the consideration given by him for the property.

Appeal from an order setting aside an order vacating an assessment.

*Irving Ward*, for the appellant.

*Wm. C. Whitney* and *Hugh L. Cole*, for the city.

BRADY, J. :

The order granted in this matter, vacating the assessment, was based upon the allegation, not then disputed, that the petitioner was the owner of the lots designated. It was subsequently discovered, and admitted by him, that he was not the owner at the time the assessment was confirmed, but became so subsequently, namely, on the 14th April, 1870, the assessment having been confirmed on the 7th March, 1870.

The order was therefore, on application, duly vacated, and from that result the petitioner appeals. The question still presents itself, is he aggrieved? The presumption is, that he took the lots subject to the assessment which formed a part of the consideration which he gave for them. If it were otherwise, it was incumbent upon him to show it. The rule is settled, that the applicant in cases like this has the *onus* of bringing himself within the provisions of the statutes authorizing the relief sought by competent proof on all contested questions. (*In re Basford*, 50 N. Y., 509; *In re Burke*, 62 id., 224.)

It does not follow from the mere fact of ownership acquired subsequent to the confirmation of an assessment that the owner is aggrieved. The presumption is that he was indemnified, and it will control until there is evidence to the contrary. If it formed part of the consideration, then the presumption is that the prior owner is the one aggrieved, because he has made an allowance to cover it in the transfer of the property, or is bound to do so. (*In the Matter of Phillips*, 60 N. Y., 16.) There being in this matter no proof that the petitioner was bound to pay the assessment as an original liability, or as one assumed without indemnity, the order made should be affirmed. He who is merely discharging the debt of another with property or funds furnished him, cannot complain as an aggrieved person.

The order should be affirmed, with ten dollars costs and disbursements.

DAVIS, P. J., and DANIELS, J., concurred.

Order affirmed, with ten dollars costs and disbursements.