In the Matter of the Petition of GEORGE F. GANTZ to Vacate an Assessment.

In the Matter of the SAME PETITIONER to Reduce an Assessment.

One who purchases land in the city of New York, after the confirmation thereon of an assessment for a local improvement, and who takes, by the terms of his deed, subject to any and all assessments, is presumptively a

"party aggrieved," within the meaning of the act of 1858 (Chap. 338, Laws of 1858, as amended by chap. 312, Laws of 1874), and so is entitled to move, under that act, to vacate the assessment.

*It seems,* that if he has in fact been indemnified against the assessment, or has assumed and agreed to pay it, or if the amount thereof was deducted from the purchase-price, these are facts for the city to show in opposition to the application.

*In re Moore* (8 Hun, 513), *In re Saunders* (10 W. Dig. 351), overruled.

*In re Bassford* (50 N. Y. 509), *In re Phillips* (60 id. 16), *In re Burke* (62 id. 234), distinguished.

(Argued June 14, 1881 ; decided June 23, 1881.)

THESE were appeals from two orders of the General Term of the Supreme Court, in the first judicial department; both made December 10, 1880; the one in the matter first above entitled affirming an order of Special Term which denied an application of the petitioner to vacate an assessment upon certain lots belonging to him in the city of New York, for paving One Hundred and Forty-fifth street from Seventh avenue to the Boulevard; the other, in the matter second above entitled, affirming an order of Special Term which denied an application to reduce an assessment upon certain lots of the petitioner for regulating and grading St. Nicholas avenue. (Mem. of decision below, 23 Hun, 350.)

The premises were conveyed to the petitioner after the confirmation of the assessments. By the terms of his deed he took "subject to certain assessments now affecting said premises."

*Michael Canfield* for appellant. Where one takes subject to an incumbrance, he takes subject to it as it is in law ; that is, so far as it is a legal incumbrance. The transfer does not validate it or stop the grantee from setting up the invalidity of an alleged lien. (*Russell* v. *Kenney*, 1 Sandf. Ch. 34.) Unless by his deed a purchaser is made in express terms to assume and agree to pay a mortgage, he neither becomes liable as principal for the debt, nor is he estopped from pleading that the mortgage is usurious or otherwise invalid. (*Harley* v. *Harrison*, 24 N. Y. 172; *Berdan* v. *Sedgwick*, 44 id. 626 ;

*Hammil* v. *Gillespie*, 48 id. 556–59; 3 Hun, 609.) Unless, perhaps, where it is extrinsically shown that he was allowed the whole amount of the mortgage on the purchase, and even then, it is doubtful if he be estopped, the deed being silent on the subject. (*Cope* v. *Wheeler*, 41 N. Y. 303; 46 Barb. 272; 61 N. Y. 333.)

*D. J. Dean* for respondent. The petitioner, having purchased the lots subsequent to the confirmation of the assessment, must show to the court, by specific testimony, that he is personally aggrieved, otherwise the court will not afford him relief. (*In the Matter of Moore*, 8 Hun, 513; *In re Saunders*, 10 W'kly Dig. 351; *Matter of Walter*, 75 N. Y. 359; *Matter of Phillips*, 60 id. 16; *Matter of Burke*, 62 id. 224.)

FINCH, J. We are unable to see why the petitioner is not a "party aggrieved" within the meaning of that phrase as used in the act of 1858. He became the owner of the premises, as to which he seeks to vacate an assessment, after such assessment was confirmed, and took his title, by the express terms of the conveyance, subject to all assessments affecting the property. It is, claimed, and the General Term so decides, following previous decisions of similar purport (*Matter of Moore*, 8 Hun, 513; *Matter of Saunders*, 10 W. Dig. 351), that one who purchases after the confirmation of an assessment must be presumed to have protected himself from its consequences by a reduction of the purchase-price, or some other form of indemnity, and so cannot be deemed a party aggrieved by the assessment. Such a presumption does not seem to us reasonable or just. It is quite as natural and probable a presumption that the purchaser did not know of the assessments, or if he did, that he knew them to be illegally imposed, and bought, believing them to be null, and relying upon his ability to remove them. *Prima facie*, and in the absence of modifying facts, it is the owner of land who is aggrieved by the imposition of an unlawful assessment. It is his title that is clouded, and his interest that is assailed. That fact on its face authorizes him to seek relief, and invoke the appropriate remedy.

By what logic have we a right to guess at unknown facts, and thereby deny him relief? His ownership established, and the illegality of an assessment imposed, make out his case. If, notwithstanding, he has in fact been indemnified, or assumed the assessment and agreed to pay it, or deducted the amount from the purchase-price, those are facts for the city to show, not for the courts to presume. There is no such natural or necessary presumption. The truth may be that, or directly the reverse. In a case like the present, where the illegality of the same class of assessments had been adjudged before the purchase, it is much the more reasonable presumption that neither indemnity nor reduction of price existed. Such an assessment would naturally be treated as null. The vendor would not reduce his price, nor the vendee seek a protection deemed unnecessary. The cases cited as authority in this court for the presumptions relied on do not so decide. (*Matter of Bassford*, 50 N. Y. 509, *Matter of Phillips*, 60 id. 16; *Matter of Burke*, 62 id. 224.) They hold that the burden of establishing the irregularity of an assessment complained of is upon the petitioner; that a former owner, who had warranted against incumbrances, and a lessee, liable for taxes and assessments under his lease, were parties aggrieved. No one of them gives any ground for the doctrine that the owner can be deprived of his remedy by presuming that he has not been injured. The amendment of 1874 tends to support and strengthen our conclusion. (Chap. 312, § 2, Laws of 1874.) That amendment took away the right of an owner to maintain an equitable action to vacate assessments, or remove the cloud thereby cast upon title, and expressly commands that " owners of property shall hereafter be confined for their remedies in such cases to the proceedings under the act hereby amended." Under this provision the situation, both of a vendor and vendee of land illegally assessed, is rendered peculiar and difficult by the rule of presumption enforced below. The vendor cannot be expected to reduce his price by reason of an invalid assessment. The vendee must buy, if at all, with no other protection than the right to defend his pos-

session when attacked. If he knows of the pretended lien, he may take from his grantor covenants of warranty against incumbrances; but they furnish no remedy against an apparent lien which is unlawful and null. He cannot go into equity to clear up the cloud upon his title or vacate the assessment, or avail himself of the proceedings by petition, because he is presumed to have been indemnified. Nothing is left him but to wait until he is assailed and run the risk of a defense, or pay off the legal assessment for peace and safety. There is little need of resorting to doubtful and debatable presumptions since the exact facts are always attainable. Both vendor and vendee can be examined, or the facts of their contract otherwise disclosed. If, then, it appears that the latter has no interest in the result, and is in no manner harmed by the assessment, it is soon enough to deny him his remedy by petition. The only fact we have here is the language of the conveyance. By its terms the vendee buys subject to certain mortgages which he assumes and agrees to pay, and "subject to certain assessments now affecting said premises," which he does not assume or agree to pay. The natural presumption is that he takes the risk of the assessments, and buys, expecting to remove and avoid such of them, at least, as are known to be illegal. We are of opinion, therefore, that the petitioner was entitled to the remedy which he sought, and should have been heard upon the merits.

Orders of General Term and of Special Term reversed, with costs to abide the event, and proceedings remitted to the Special Term for a hearing upon the matters alleged in the petition.

All concur.

Orders reversed.