Edwards, J.
This is an application, under section 2, title XI, chap. 298 of the Laws of 1883, to vacate an assessment made on the petitioner’s land, for the paving of Second avenue, between Sloan street and Delaware avenue, in the city of Albany.
One of the grounds for the relief sought is that due notice of the meeting of the board of contract arid apportionment to receive bids, required by section 8, title IX of said act, was not given. That section provides, that for the purpose of receiving bids, the board shall meet at its office at a time of which at least one week’s notice shall have been given in the official papers, by five consecutive publications.
*119 It is made the duty of each member of the board (§ 9) to attend at the office of the board at the time mentioned in such notice, and at such place and time all bids for doing the work or for providing the materials mentioned in the notice, are to be presented. After all the bids have been presented, but not until one-half hour after the time designated for holding the meeting has elapsed, the bidding shall l>e declared closed, and immediately thereafter all bids thus received shall be opened. Other sections of the same title (§§ 3, 4, 5, 29) give the said board charge, under the directions of the common council, of the grading and paving of the streets and avenues, requires it to issue all proposals, receive all bids, and award all contracts, for the labor and materials for the same to the lowest responsible bidder ; and to assess and apportion the expense among the houses and lots intended to be benefited by the improvements.
It is evident that the giving of the notice, required by the statute, of the time of the meeting of the board for the purpose of receiving bids, is a condition precedent to the making of the contract and to a valid assessment. It is an important provision for the protection of the owners of lots liable to an assessment for the proposed improvements. The object of the statute is to secure the greatest competition, and so restrict to the minimum the expenditure by the city officials of the money of the taxpayers. It limits the power of expenditure by prescribing a particular mode for its exercise. If municipal authorities are permitted to encroach upon or disregard the restriction, it may fail to accomplish its beneficent purpose. If they may give but two days’ notice they may but one, or even dispense with any notice, or let the contract to whom they please,- or have the work done by days’ labor. Statutes imposing restrictions upon public officers having power to expend the money of the citizen should be strictly complied with.
The only power of the board to enter into a contract which shall affect the rights of the property owner is such *120 as is derived from the statute. It cannot dispense with the notice and make a valid assessment. In this matter the first publication of the notice of the meeting for the purpose of receiving bids was made in the official papers on May 15,1883, and the last on May 19, 1&83. The meeting was held in pursuance of such notice, on May 21, 1883, two days only after the last of the five consecutive publications.
It has been expressly decided by the learned Justice Peckham, in the action of Van Antwerp et al. against Charles A. Hills, as chamberlain, and others, to set aside a . contract made by the board of contract and apportionment with the Electric Illuminating Company, that the provisions of section 8, title IX, ch. 298, Laws of 1883, requiring one week’s notice of the meeting to receive bids is mandatory, and not merely directory; that a notice of a meeting to be held in less than a week after the last publication is insufficient, and does not give the board power to make a valid contract.
While I should incline to follow this opinion as an express adjudication on this question, it is difficult to see how a different conclusion could have been reached. The statute clearly requires that notice shall be given of a meeting to be held at least one week subsequently to the giving of such notice. It directs the manner in which such notice shall be given, viz.: by five' consecutive publications in the official papers. The notice is not complete after the first publication, nor any subsequent one but the fifth. Five consecutive publications are required to constitute notice. It is only then that notice has been given, and there must be an interval of at least a week between the giving of the notice and the meeting of the board. It is analogous to the service of a summons by publication. The service is not completed until the publication has been completed, and not until then does the time to answer begin to run.
Instead of “ at least one week’s notice ” as required by the statute, it was but two days’ notice. The only power to *121 contract that the board had was such as was given to it by the legislature in this act, and there could be no valid exercise of power by it until after it had complied with the conditions which the legislature im¡josed. It had no more power to substitute a notice of two days than it had to entirely dispense with the notice. The notice given was the same as no notice, and the contract thereafter entered into for the performance of the work, and the furnishing of the materials for the paving of the avenue, as also the assessment for the expense of the same, was void (Matter of Douglass, 46 N. Y. 42 ; Matter of Astor, 50 N. Y. 363 ; Matter of Smith, 52 N. Y. 526 ; Matter of Phillips, 60 N. Y. 16).
It is urged by the learned counsel for the corporation that the petitioner cannot maintain this proceeding for the reasons that he “ is not a party aggrieved within the meaning of the law, nor has substantial error been committed.’’
The section under which the proceeding is taken reads: “ If in the proceedings relative to any assessment or assessments for local improvements in the city of Albany, or in the proceedings to collect the same, any fraud or defect in the work or substantial error shall be alleged to exist, or have been committed, the party aggrieved thereby may apply to have the assessment vacated, or reduced, or both,” etc. (Section 2, title XI, ch. 298, Laws of 1883).
He claims that there is no evidence that the petitioner has been injured by the insufficient notice, and that the burden is on him to show “ actual injury,” which alone constitutes “ substantial error,” and that it is only one who has sustained such injury that is a “ party aggrieved ” within the meaning of the section. I think otherwise. Disregard of the statute is substantial error, and it is not incumbent on the petitioner to show that he has sustained actual damage. Without his assent a burthen has been imposed upon his land, and his title has been clouded by an illegal assessment. This is a substantial error, and he is a party aggrieved (Matter of Emigrant Savings Bank, 75 N. Y. *122 388; Merritt v. Village of Portchester, 71 N. Y. 309 ; Matter of Gantz, 85 N. Y. 536).
The respondent’s counsel also insists that the error complained of is not one for which this proceeding to vacate an assessment can be taken, for the reason that the petitioner does not claim to be injured by any error in the assessment, but by an omission back of and preceding it, and to sustain his position cites Matter of Cruger (84 N. Y. 619).
I think this case distinguishable from the one cited. Here the substantial error is the omission to give the notice required by the statute, the giving of which is not only a “ proceeding relative to an assessment,” but one without which there can be no valid assessment. Section 2 was designed to furnish a summary remedy' by a proceeding like this, to any person ággrieved by substantial error “ in the proceedings relative to any assessment,” and the next section prohibits owners of property from commencing any suit or action to vacate an assessment or to remove a cloud upon the title arising from any assessment thereafter made, and confines them to the form of proceeding mentioned, in that title. If this proceeding cannot be maintained, the petitioner is powerless.
A further reason urged by the counsel for the corporation for the dismissal of this proceeding is that the petitioner is estopped by the clause in the deed to him from asserting the invalidity of the assessment. The deed is dated September 3,1883, and contains the following clause: “ This conveyance is made expressly subject to whatever assessment or tax shall be made, assessed, levied or apportioned in proportion to the frontage on Second avenue, for the grading, leveling, paving, sewering and making sidewalks, etc., on Second avenue, which work is now in progress, the payment of which assessment being the principal consideration of this conveyance.”
The petitioner purchased while the work was in progress, before the assessment was made, or the amount which it would be, was ascertainable. If he had taken his title sub *123 sequent to the confirmation of the assessment, and it had been made to appear that he had in fact been indemnified, or had assumed the assessment and agreed to pay it, or had deducted the amount of the assessment from the purchase price, he might not, perhaps, be “ aggrieved,” and might be precluded from setting up the invalidity of the assessment. But 1 think the true construction of the clause quoted from the petitioner’s deed is, that he took the property subject to such legal assessments as might be imposed upon it. Of these he took the risk. In other words he assumed the place of his vendor, and was to pay such assessments as might thereafter be made, and which, but for the transfer, the grantor might be legally compelled to pay, or for which the lot in his hands would be liable.
If these views are correct, it becomes unnecessary to examine the other questions raised by the petitioner on the application.
The assessment should be vacated with costs of the proceeding.