## DRUMM-FLATO COMMISSION COMPANY, Respondent, v. GERLACK BANK, Appellant.

### Kansas City Court of Appeals, March 7, 1904.

1. **COSTS: Bill of Exceptions: Stenographer's Notes: Statute.** Section 10115, Revised Statutes 1899, does not authorize a fee to a stenographer for preparing a bill of exceptions which fee can be taxed as costs. It only provides a fee for the copy of the settled bill of exceptions, and that only when it becomes necessary to present a copy thereof to the appellate court.

2. ——: ——: ——: **Appellate Practice.** There is no law authorizing a stenographer to make a bill of exceptions at the request of either party, nor can a recovering appellant recover the expense of making his bill of exceptions.

3. ——: ——: **Appellate Practice.** The costs incurred in making a copy of the bill of exceptions can not be taxed against the respondent where the appeal is taken in the short form.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover,* Judge.

REVERSED.

*Elijah Robinson* for appellant.

(1) There is nothing better settled than that, in this State, nothing can be taxed as costs except what is specially provided by the statute. Steel v. Wear, 54 Mo. 531; Shed v. Railroad, 67 Mo. 687; Houts v. McCluney, 102 Mo. 13. (2) All statutes relating to costs must be strictly construed. Murphy case, 22 Mo. App. 476; Ford v. Railroad, 29 Mo. App. 616; Green case, 40 Mo. App. 491; Ring v. Paint and Glass Co., 46 Mo. App. 374; State v. McCracken, 60 Mo. App. 650; State v. Seibert, 130 Mo. 202; Baldwin v. Boulware, 82 Mo. App. 321; Jackson County v. Stone, 168 Mo. 577. (3) No person is entitled to have anything taxed as costs unless

he can point to some particular statute authorizing the taxation of the same. Shed v. Railroad, 67 Mo. 687; Ring v. P. & G. Co., 46 Mo. App. 374; Wilson v. Ruthrauff, 87 Mo. App. 226; Hecht v. Heimann, 81 Mo. App. 370. (4) It can not be contended that the item upon which this judgment was rendered comes within any statutory provision.

*Botsford, Deatherage & Young* for respondent, submitted argument.

BROADDUS, J.—This cause was tried. on its merits in the circuit court where defendant prevailed, but which on appeal to this court was reversed and remanded. The appeal was taken in the short or skeleton form and was heard and determined upon an abstract of the record. The plaintiff paid the official stenographer $115 for a copy of his notes with copies of the motions for new trial and in arrest of judgment and all other matters necessary to form a bill of exceptions, which was signed by the judge and constituted in fact the bill of exceptions in the case.

The court sustained plaintiff's motion to have said sum taxed in his favor against defendant.

Plaintiff contends that it was entitled to the sum so paid as costs as provided by section 10115, Revised Statutes 1899. Said section does not provide a fee to the stenographer for preparing a bill of exceptions as costs to be taxed against the losing party. It only provides for a fee for a copy of a bill of exceptions after the same has been settled to be so taxed, and then only when it becomes necessary to present a copy thereof to the appellate court for a review of the cause. There is no law authorizing or requiring the stenographer to prepare a bill of exceptions at the request of a party to a suit; and there is not and never has been any statute authorizing an allowance for costs in favor of an appellant, who recovers on an appeal, for the expense

of making his bill of exceptions.  He may avail himself of a copy of the stenographer's notes, but it will be at his own costs.  It may be proper also to state that in the first place, had the said costs been incurred in making a copy of the bill of exceptions in the cause, it would not have been taxable against defendant as the appeal was taken on the short form and heard on abstract of record, there was no necessity for such copy.

Section 813, Code of Civil Procedure provides in what cases it shall be necessary to have a transcript of the record on appeal.  The cause is reversed.