## RAY COUNTY SAVINGS BANK v. THOMAS S. HUTTON, Appellant.

**In Banc, March 30, 1910.**

1. **APPEALS: Taxing Costs: Printed Bill of Exceptions.** Where appellant appealed by the "short method," and the judgment was reversed, he is not entitled to have taxed against the respondent as costs in the case five cents per folio for the extra copy of the bill of exceptions furnished to appellant by the stenographer at the trial court. When the appeal is taken by that method, no copy of the bill is required to be certified to the appellate court, and hence the court has no basis upon which to base an order taxing the costs of making a copy, and besides the statute (Sec. 10115, R. S. 1899) does not apply in such case.

2. ————: ————: ————: **Transcript.** It is only when the appeal is taken by the "long method" that a certified transcript of the bill of exceptions is required to be filed in the Supreme Court, and it is only when the appeal is by that method that section 10115, Revised Statutes 1899, contemplates that the extra copies of the bill of exceptions will be made by the court stenographer.

### On Motion to Tax Costs.

MOTION OVERRULED.

WOODSON, J.—This cause was instituted and tried in the circuit court of Jackson county, which resulted in a judgment in favor of the plaintiff. From that judgment the defendant duly appealed to this court.

In submitting said cause to this court, appellant printed in his abstract of the record *the bill of exceptions in full.* This court, In Banc, at the October term, 1909, reversed the judgment of the circuit court without remanding the cause; and in due time the appellant filed in this court a motion to tax the costs of printing said abstract against the respondent. That motion was sustained, and the costs thereof were taxed against

the respondent; and, thereafter, on January 4, 1910, appellant filed this, an additional, motion to tax the sum of $163.20 against the respondent, the amount paid by him to Henry M. Stonestreet, the official stenographer of the circuit court of Jackson county, for transcribing his stenographic notes of the evidence taken before said court in the trial of said cause, and for making out the bill of exceptions which was filed therein, the same being the bill of exceptions which, as before stated, was *printed in full by the appellant* in his abstract of the record and filed in this court. Respondent opposes this motion for several reasons stated.

This motion should not be confounded with the motion heretofore disposed of, taxing the costs of printing the abstract of the record against the respondent, as was authorized by section 813, Revised Statutes 1899. This motion is based upon section 10115, Revised Statutes 1899. That section reads as follows:

"Sec. 10115. In any case taken by appeal or writ of error from said circuit court, where it is necessary to present a transcript of the testimony or proceedings therein to any appellate court for a review of said cause, after the bill of exceptions shall have been settled, which shall contain all the testimony and proceedings on the trial of said cause, or so much thereof as may be necessary for the purposes of the appeal or review, the official stenographer shall be required, when thereto requested by either appellant or plaintiff in error, to furnish and file in the office of the clerk of said court duplicate copies thereof certified to officially; and for the making of such duplicate copies, said stenographer shall receive from the party who shall make such appeal or sue out such writ of error, the sum of five cents per folio, and the total amount of his fees for making the original transcript and said duplicate copies shall be paid at the time of making said tran-

script and copy by the party at whose instance the same is made, and this amount when so paid shall be taxed as costs to abide the result of the case; provided, however, that if the cause be reversed in the appellate court, the cost of the said transcript and copy for the appellate court shall be taxed against the losing party in the appellate court. Said certified additional copy shall be inserted by the clerk of said court in his certified transcript of the record of the case, which is transmitted by him to the appellate or reviewing court, without recopying or charging for recopying the same.''

This precise question was presented to the Kansas City Court of Appeals in the case of Drumm-Flato Commission Co. v. Bank, 105 Mo. App. 197. In the consideration of that question, Judge BROADDUS, in speaking for the court, on page 198 said:

''Plaintiff contends that it was entitled to the sum so paid as costs as provided by section 10115, Revised Statutes 1899. Said section does not provide a fee for the stenographer for preparing a bill of exceptions as costs to be taxed against the losing party. It only provides for a fee for a copy of a bill of exceptions after the same has been settled to be so taxed, and then only when it becomes necessary to present a copy thereof to the appellate court for a review of the cause. There is no law authorizing or requiring the stenographer to prepare a bill of exceptions at the request of a party to a suit; and there is not and never has been any statute authorizing an allowance for costs in favor of an appellant, who recovers on an appeal, for the expense of making his bill of exceptions. He may avail himself of a copy of the stenographer's notes, but it will be at his own costs. It may be proper also to state that in the first place, had the said costs been incurred in making a copy of the bill of exceptions in the case, it would not have been taxable against defendant; as the appeal was

taken on the short form and heard on abstract of record, there was no necessity for such copy.

"Section 813, Code of Civil Procedure, provides in what cases it shall be necessary to have a transcript of the record on appeal."

There can be no question but 'what the Kansas City Court of Appeals correctly ruled in that case.

We might add, however, that by reading section 10115 it will be seen that it does not undertake to state the conditions which should exist in order to render it necessary to present to the appellate court a transcript of the testimony taken at the trial of the cause *after the bill of exceptions has been settled;* however, those conditions are referred to section 813, Revised Statutes 1899, which reads as follows:

"Sec. 813. The appellant or plaintiff in error shall cause to be filed in the office of the proper appellate court, in cases of appeals fifteen days before the first day of the term of such court, and in cases of writs of error on or before the first day thereof, a perfect transcript of the record and proceedings in the cause, or in lieu of such transcript, a certified copy of the record entry of the judgment, order or decree appealed from in said cause, showing the term and day of the term, month and year upon which the same shall have been rendered, together with the order granting the appeal, and shall thereafter, within the time and manner as is now and may hereafter be prescribed by the rules of such appellate court, file printed abstracts of the entire record of said cause in the office of the clerk of such appellate court, and within such time, deliver a copy of said printed abstract to the respondent or plaintiff in error; and the respondent or defendant in error may, if dissatisfied with such abstracts of the appellant, file such abstracts on his part, or any additional abstract, serving appellant or plaintiff in error with a copy thereof, in such manner and within such time as is now or shall hereafter be prescribed

by the appellate court wherein the same shall be taken; and in case the opposite party shall not concur in such abstract of record, he shall specify his objections thereto, in writing, and file the same with the clerk and serve the adverse party with a copy thereof, and thereupon the clerk of the appellate court shall forthwith issue and send an official order commanding the clerk of the trial court to send such appellate court a certified transcript of that part of the record so in dispute. If such transcript of the record should be ordered upon the objection that the printed abstract is insufficient or incorrect, and the court should find that such abstract was sufficient and correct, then the party objecting shall pay the costs of such transcript; but if the court should find that such abstract was insufficient or incorrect, and that such transcript was necessary, the party who filed such abstract shall pay the cost of such transcript. If the abstract filed by the appellant or plaintiff in error be sufficient and correct, a reasonable charge therefor shall be taxed against respondent or defendant in error, if he be the losing party; and if the respondent or defendant in error properly file a sufficient and correct abstract of the whole or part of the record, a reasonable charge therefor shall be taxed as costs against the appellant or plaintiff in error, and the clerk of the appellate court shall preserve at least one copy of all such abstracts and brief or briefs accompanying the same."

If we should stop here there would exist much doubt and uncertainty as to the meaning of the two sections mentioned; but if we go back and trace their history and earlier provisions, much light will be shed upon the object the Legislature intended to accomplish by their enactment.

In the consideration of this question it should be borne in mind that at the time section 813 was first enacted, all appeals were taken by what is now called

the "long method;" that is, by filing with the clerk of the circuit court a bill of exceptions, ·containing the evidence introduced, and all other proceedings had during the trial of the cause in the circuit court, which was then, as now, signed, sealed and made a part of the record in the cause. After that was done, then section 3717, Revised Statutes 1879, provided that:

"All appeals taken thirty days before the first day of the next term of the Supreme Court or St. Louis Court of Appeals, shall be returnable in such next term, and all appeals taken in less than thirty. days before the first day of such next term, shall be returnable in the second term thereafter. The appellant shall cause to be filed in the office of the clerk of the Supreme Court, or St. Louis Court of Appeals, at least fifteen days before the term of such court to which the appeal is returnable, a perfect transcript of the record and proceedings in the cause; if he fail so to do, and the appellee produce in court such transcript, and it appear thereby that an appeal has been allowed in the cause, the court shall affirm the judgment, unless good cause to the contrary be shown. An appeal granted by the Supreme Court or St. Louis Court of Appeals, or any judge thereof, when the appellant is not an executor or administrator, guardian or curator, suing or sued as such, shall not operate as a stay of proceedings, unless a like recognizance as in the case of other appeals in civil cases be entered into before the Supreme Court, St. Louis Court of Appeals or circuit court, or a judge or a clerk thereof, and filed in the office of the clerk of the circuit court in which the judgment appealed from was rendered."

By reading that section it will· be seen that no provision 'whatever is made for what is called the "short appeal," which was authorized some years later, as we will presently show. As the law then stood, the appellant could only get his case into the Supreme Court or into the Court of Appeals by filing with the

clerk of such court a perfect transcript of the entire record in the cause, which, of course, included the bill of exceptions filed in the office of the clerk of the circuit court. The section last mentioned was amended in 1889, and was carried into the revision of that year as section 2253, and it was again amended in 1899, and is now section 813, which has heretofore been set forth.

Said section 2253 was the first statute which authorized an appeal to be taken by what is called the "short method," which was, as before stated, in the year 1889. During the same year the Legislature enacted section 8237, Revised Statutes 1889, which is the same as section 10115, Revised Statutes 1899, before copied.

From this history of this legislation, it is seen that prior to 1889 an appeal could only be taken by the "long method," but since the enactment of section 2253, Revised Statutes 1889, an appeal may be taken by either the short or long method. If by the former, then no transcript of the bill of exceptions is certified to or filed with the clerk of the Supreme Court, or with the clerk of the Court of Appeals; but if, upon the other hand, the appeal is taken by the long method, then a perfect transcript of the entire record, which includes the bill of exceptions, must be filed with the clerk of the Supreme Court or with the clerk of the Court of Appeals, as the case may be. From this it is seen that in all cases where the appeal is taken by the long method, it is absolutely *necessary* (which we may state almost in the language of section 8237, Revised Statutes 1889, the same being section 10115, Revised Statutes 1899, to present a transcript of the testimony or proceedings therein to the appellate court for review of the said cause, after the bill of exceptions has been settled, which shall contain all the testimony and proceedings on the trial of said cause, or so much

thereof as may be necessary for the purpose of the appeal.

When an appeal is so taken by the long method, then, as provided by section 10115, "the official stenographer shall be required when thereto requested by either appellant or plaintiff in error, to furnish and file in the office of the clerk of the said court [the trial court] duplicate copies thereof certified to officially; and for the making of such duplicate copies, said stenographer shall receive" from the party ordering the same "the sum of five cents per folio," etc. And by section 10113, Revised Statutes 1899, the stenographer is allowed ten dollars *per diem* as compensation for his services; and in addition thereto section 10114, provides that: "Said stenographer, except as in the next section provided, shall receive from the person or persons ordering transcripts of his notes, the sum of fifteen cents per folio of one hundred words for each transcript furnished; and the judge of the court may, in his discretion, order a transcript or extracts of any part of the evidence or oral proceedings for his own use, and the stenographer's fees for making the same shall be taxed in the same manner as other costs in the case."

These sections are *in pari materia* and should be read together, and when so read, it is perfectly apparent that the Legislature intended in places where appeals were taken by the long method that two or more transcripts of the evidence and proceedings had in the court would be necessary; and the Legislature evidently thought and so provided, that while the stenographer was transcribing the evidence and proceedings of the court to go into the bill of exceptions, he might just as well and with but little more labor make a duplicate copy thereof for the use of the clerk in certifying a perfect transcript of the entire record to the clerk of the Supreme Court or Court of Appeals, and for the extra

labor he is authorized to charge and collect, in addition to his regular charges, the sum of five cents per folio.

By reading section 813, it will be observed that where an appeal is taken by the short form, it authorizes the appellant to print and file in the appellate court an abstract of the entire record of the cause instead of the transcript of the bill of exceptions, etc., and to serve a copy thereof upon the respondent. It then provides that if the respondent is dissatisfied with the abstract so served upon him, then he may in turn print such additional parts thereof as he may think necessary for a proper presentation of the case to the appellate court; and in case the appellant does not concur therein, then he shall specify his objections thereto, in writing, and file the same with the clerk and serve the respondent with a copy thereof; and, thereupon, the clerk of the appellate court shall forthwith issue an official order and send, commanding the clerk of the trial court to send to such appellate court a certified transcript of that part of the record so in dispute. It also provides that the court shall examine the abstract filed by each party, the exceptions filed by the appellant, as well as the transcript of the testimony so sent up by the clerk of the trial court. And it further provides that, if the court finds that the abstract of the appellant is *sufficient or correct,* then the respondent shall pay the costs of the transcript so ordered and sent up; but if the court finds that the abstract *is insufficient and that such transcript is necessary,* then the party who files such abstract shall pay the costs thereof.

If this record had presented that condition of things, and the clerk of the circuit court had taken the duplicate copy of the evidence and other proceedings furnished to him by the stenographer, and had certified it, or any part of it, to the clerk of this court, then the question would be properly presented, who should

226 Sup—46

pay for the transcript of the evidence, etc., so certified to the clerk of this court?

But, clearly, appellant does not bring himself within the provisions of this section of the statutes, for the obvious reason that he, in the first instance, printed in his abstract of the record *the bill of exceptions in full* (for which he has been paid) ; and, consequently, it was not *necessary* to send up the transcript mentioned in said sections 813 and 10115, Revised Statutes 1899, but in point of fact no such transcript was ever certified to this court by the clerk of the trial court, in fact there is no evidence in this record which tends to show that the stenographer was ever requested to make duplicate copies of the evidence, etc., or that he, in fact, did so or ever certified the same to the clerk of the circuit court, as provided for by the said section 10115.

The only transcript of the evidence, etc., this court has any knowledge of is that contained in the bill of exceptions filed in the office of the circuit clerk, and copied in full by counsel for the appellant in their abstract of the record. As regards that abstract, however, this court, as before stated, has heretofore taxed the costs of printing it against the respondent; and, under the facts as disclosed by this record, he is entitled to nothing more.

We are, therefore, of the opinion that the motion should be overruled; and it is so ordered. All concur.