## WILLIAM F. PATTON, Respondent, v. JOHN C. TATE, Appellant.

### Kansas City Court of Appeals, June 28, 1910.

1. **CONTRACT: Agreement to Pay Taxbills: Construction.** Defendant sold plaintiff eleven certain lots against which taxbills for grading were soon to be issued. The contract of sale provided "that just as soon as the amount of grading expenses should be determined, the said parties would immediately pay each one-half of the total amount assessed against the eleven lots". If said taxbills were invalid defendant was not required by said contract to pay any part thereof.

2. ——: ——: ——. Where in such case plaintiff paid his half of such taxbills, and subsequently paid defendant's half thereof, and defendant refused to pay same on account of their alleged invalidity, defendant was entitled to a trial of the question of the validity of such taxbills.

3. **PLEADING: Issue Raised by General Denial.** Where plaintiff's petition charged that plaintiff was obliged to pay defendant's half of said taxbills to relieve his property from the lien thereof, the validity of this lien and plaintiff's obligation to pay same were raised by the general denial in defendant's answer.

4. **PRACTICE: Taxbills: Presumption of Validity: When Applied.** The charter provisions of Kansas City which give a prima-facie character to special taxbills applies only to suits on the taxbills. In other actions the burden is on the party claiming rights under them to establish their validity.

Appeal from Jackson Circuit Court.—*Hon E. E. Porterfield,* Judge.

REVERSED AND REMANDED.

*T. A. Frank Jones* for appellant.

*Bowersock & Hall* for respondent.

(1) The new matter relied on as a defense, consists merely of conclusions of law; no facts are alleged at all. Bowers v. Smith, 111 Mo. 45; Schiffman v. Schmidt, 154 Mo. 204.

JOHNSON, J.—Action to recover damages for breach of contract. The petition alleges that in January, 1906, defendant sold and conveyed to plaintiff eleven lots on Gillham road in Kansas City; that the city was grading the street at the time, under special assessment proceedings; that as part of the contract of sale, the parties agreed in writing "that just as soon as the amount of grading expenses should be determined, the said parties would immediately pay each one-half of the total amount assessed against the eleven lots;" that afterward the amount of the cost of grading was determined and taxbills were issued therefor by the city, the aggregate amount of which was $900.40; that pursuant to the agreement plaintiff paid half of the taxbills and on the refusal of defendant to pay the other half, paid it himself; that he "was obliged to and did on the 6th day of January, 1908, to relieve his said property from the lien thereof, pay the remaining portion of said grading expense . . . amounting in the aggregate to $513.66." The prayer of the petition is for the recovery of said sum as damages. The answer admits all of the allegations of the petition except the one that plaintiff was compelled to pay the taxbills. In contradiction of that averment, defendant alleges that "the alleged taxbills issued on account of the grading of Gillham road were invalid and void and did not constitute a lien on said property and that the amount of the expenses of said grading was not legally assessed against said property . . . and that plaintiff has sustained no damages under his contract legally chargeable to the defendant."

After the answer was filed, plaintiff moved for judgment on the pleadings on the ground "that the answer filed herein admits all of the allegations in plaintiff's petition, and the new matter set up in said answer is not sufficient to constitute a defense to plaintiff's cause of action." This motion was sustained and

judgment was rendered for plaintiff as prayed. Defendant appealed.

The objections of plaintiff to the abstract of the record are answered adversely to his contention in the recent opinion of the Supreme Court in Bank v. Hutton, 226 Mo. 713, 123 S. W. 47.

The provision of the contract which required each party to pay half of "the total amount assessed against the eleven lots" referred, we think, to an assessment to be made by the city for the issuance of taxbills and that in the absence of such assessment, it was not intended that there would be any obligation on either party to pay for the grading, for the very obvious reason that there would be no liability on the part of anyone to pay for the improvement except through the medium of lawfully issued taxbills. Clearly the parties contracted only with reference to the discharge of the burden of a lawful assessment and that plaintiff entertained this view when he filed his petition is evidenced by his averment that he "was obliged to relieve his said property" from the lien of the taxbills. An invalid assessment would not have laid any such obligation on him. In support of his proposition that "the legal ity of the grading taxbills was not an issue under the contract sued upon" defendant argues that "where a sale of land is made subject to certain assessments which the buyer expressly assumes and agrees to pay, such buyer cannot contest the assessment on the ground of illegality. Having received the benefit of a reduction in price, he will not be heard to refuse payment." [Citing In re Conley, 22 Hun 603; In re Gautz, 85 N. Y. 536.]

The rule of these cases can have no bearing on a case where, as here, the contractual stipulation (under our construction thereof) deals only with the subject of a legal assessment. In the purchase and sale of the lots, the parties agreed that each would bear a moiety of the burden of an embryonic lien against the property.

If the lien failed to materialize there would be no burden to share and the contract necessarily would perish for lack of a subject-matter. Certainly neither party authorized the other to bind him by a voluntary payment of a claim that had no legal existence.

But it is argued by plaintiff that the answer is not in form to raise an issue of fact as to the validity of the assessment since its averments are conclusions of law and not a statement of defensive facts. The answer is not in the best form, but it is sufficient as a traverse of the constitutive fact that the assessment created a lawful lien which plaintiff paid to protect his property. The burden was on plaintiff to plead and prove that there was a lien. The general denial put that fact as well as the other elemental facts in issue. The charter provisions of the city which give a prima-facie character to special taxbills apply only to suits on the taxbills and not to other actions. [Charter of Kansas City, 1898, p. 154.] Where the statute does not give special taxbills a prima-facie character, the burden is on the party claiming rights under them to establish their validity. The learned trial judge erred in sustaining the motion.

The judgment is reversed and the cause remanded. All concur.