IN THE MATTER OF THE PETITION OF EDWARD BURKE TO VACATE AN ASSESSMENT.

Where the designation of a newspaper in the city of New York as an official paper by its terms limits the appointment to the year wherein the designation was made, the employment ceases at the end of the year. It is not to be presumed that the employment continued beyond the year without a new designation of the paper, or that such new designation was made, or that the authorized officers failed to make a designation of some paper as required by law.

*In re Astor* (50 N. Y., 363); *In re Smith* (52 id., 526) and *In re Folsom* (56 id., 60) distinguished.

One who at the time of laying an assessment was legally liable to pay it, and has so continued, is the "party aggrieved" within the meaning of the statute of 1856 (§ 1, chap. 338, Laws of 1856), and as such authorized to institute proceedings to vacate the assessment.

A lessee who, by his lease, is bound to pay any assessment laid upon the premises, can institute the proceedings as well as the owner.

The verification to a petition to vacate an assessment stated that the petitioner was, at the time of the confirmation of the assessment, the lessee of the lots; and as such was, and still is, liable to pay the assessment. *Held*, that, uncontradicted and unquestioned, this was sufficient proof, and authorized the petitioner to institute the proceedings.

The laying of a crosswalk is paving within the meaning of the acts author

izing assessments by the city, and the relaying of a crosswalk is a repaving within the exception in the act of 1872 (§ 7, chap. 580, Laws of 1872), as amended in 1874 (chap. 313, Laws of 1874).

*In re Burke* (2 Hun, 281) modified.

(Argued May 25, 1875; decided June 2, 1875.)

APPEAL from order of General Term of the Supreme Court in the first judicial department, reversing an order of Special Term vacating an assessment for laying crosswalks across West street, in the city of New York. (Reported below, 2 Hun, 281.)

The petition was subscribed by the attorney of the petitioner. In it it was alleged that the petitioner was, at the time of the confirmation of the assessment, and still is, the owner of the premises. The only evidence as to title was in the affidavit verifying the petition wherein it was stated, "that at the time of the confirmation of the above named assessment, on the 13th day of April, 1868, the petitioner was the lessee of and as such liable to pay, and still is held liable for the payment of the assessment imposed on the lots mentioned and described in the petition." The assessment was for relaying the crosswalks; an assessment for the former paving and laying crosswalks had been levied and paid.

The alleged defect in the assessment was, that the resolution and report of the committee of the common council recommending said work were not published for two days in all the newspapers employed by the corporation. The petitioner produced a certificate signed by the comptroller, under chapter 586, Laws of 1867, designating certain newspapers "wherein the proceedings of the common council, or either branch thereof, and the notices of its committees shall be published *during the year* 1867." One of the papers so designated was the New York Leader. There was no proof of a renewal of the appointment, or that no appointment of papers was made for 1868. Proof was made that the resolution and report of the committee recommending the work in question were not published in the New York Leader.

*T. F. Neville* for the appellant. The failure to publish the resolution of the board of aldermen, as required by section 7 of the amended charter of 1857, made the assessment void. (*In re Douglas*, 46 N. Y., 52; *In re Astor*, 50 id., 363; *In re Smith*, 52 id., 526; *In re Folsom*, 56 id., 60; *In re Little*, Ct. App., April, 1875; *In re McArthur*, 52 N. Y., 650; *In re Phillips; In re Cameron*, 50 id., 503.) There can be no pretence that the assessment was validated by section 7, chapter 580, Laws of 1872. (*Lennon* v. *Mayor*, 55 N. Y., 361.) Nor does the act prevent the vacation of the assessment if void. (*In re Douglas*, 46 N. Y., 42; *In re Agnew; Ireland* v. *City of Rochester*, 51 Barb., 14; *De Hart* v. *Hatch*, 10 Sup. Ct., 375; *Alexander* v. *Bennett*, Ct. App.) The court below erred in denying the petition. (*Astor* v. *L'Amoreux*, 8 N. Y., 107; *Marquat* v. *Marquat*, 12 id., 336; *Edmonson* v. *McLould*, 16 id., 543; *Griffen* v. *Marquardt*, 17 id., 28; *Meyer* v. *City of Louisville*, 26 Barb., 609; Code, §§ 2, 3; *Pinckney's Case*, 18 Abb. [N. S.], 356; *In re Livingstone*, 34 N. Y., 555.)

*William Barnes* for the respondents.

FOLGER, J. The petitioner alleges as a reason why the assessment should be vacated, that the resolution and report of the committee of the common council, were not published in all the newspapers employed by the corporation, for two days before the resolution was adopted.

To sustain this allegation, he shows that they were not published in the New York Leader, a weekly newspaper.

To show that the Leader was employed by the corporation, he produces a communication from the comptroller to the common council, dated July 6th, 1867, by which the New York Leader is designated for the purpose, *during the year* 1867. Proof of designation is proof of employment. (*In re Astor*, 50 N. Y., 363.) But the designation here proved was limited; it was for the year 1867 only. If the employment depended upon the designation, as it did, then the

employment ceased when the limit of the designation was reached; that was at the end of the year 1867. The proceedings of the common council, which are claimed to be invalid for the want of publication, were had in 1868. It does not appear that they were not published in the papers employed in that year; nor does it appear what papers in that year were employed; nor is it to be presumed that the employment of the Leader continued beyond the year 1867 without a new designation, nor that a new designation of the Leader was made in 1868; nor, in the absence of proof that no designation of papers was made, is it to be presumed that the authorized officers failed to make a designation of some papers, as required by law (Laws of 1868, chap. 853, § 1; Laws of 1867, chap. 586, § 7); so that the case does not fall within *In re Smith* (52 N. Y., 526; and see *In re Anderson,* in MS. \*) The remarks in *In re Astor* (*supra*), as to a continuance after the expiration of one year, are not based upon such a designation as is shown here, one limited by its terms to the year in which it is made. *In re Folsom* (56 N. Y., 60), presents no such question. There it did not appear that the prior designation was, by its terms, to run but for one year; nor does *In re McArthur* (52 N. Y., 650); nor does any assessment case which has preceded this. Whatever may have lurked in the evidence in preceding cases, no point was made in them, as there is here, upon the express terms of limitation of employment. How the fact is, whether this point was made at Special Term or not, we cannot know from the papers. There was ground for making it; and it does not affirmatively appear that it was not made. In such case, this court will consider it. (*McKechnie v. Ward*, in MS., in this court, 1874.†)

Another point which arises in the case is, whether the petitioner is "the person aggrieved" by the assessment. If he was, at the time of laying the assessment, legally liable to pay it, and has since so continued, I think that he is aggrieved if the assessment be wrongful. That there was and is a legal

---

\* 50 N. Y., 457.          † 58 N. Y., 541.

liability upon him to pay it, is sought to be shown by the proof that he was the lessee of the lots assessed, and as such liable to pay, and still held liable for the payment of, the assessment. I think that uncontradicted and unquestioned, this should be taken as sufficient proof that the petitioner was, as lessee, obligated to pay such an assessment as this when valid; and that such obligation remained upon him up to the pendency of these proceedings. Of course it would have been more satisfactory to a court, to have seen the lease and scrutinized its provisions, and have reached a conclusion thereby as to the liability of the petitioner; but the counsel for the corporation was content with the affidavit, which gives the conclusion of the affiant. It is, perhaps, a conclusion of law rather than of fact, but unquestioned before the Special Term. I do not think that a court of review should make that technicality a ground of objection. Nor, if a lessee is bound by his lease to pay an assessment laid, can I perceive a difference between him and an owner, in his right to take this proceeding, though the assessment be invalid. The argument to the contrary is this: that if the assessment is invalid, then he is not bound by his lease to pay it; for it is not to be presumed that his covenant holds him to pay an invalid assessment; that if the assessment is valid, then he is bound to pay it, and has no right to have it vacated. But the same logic would apply to the proceeding of an owner to vacate an assessment. Either the owner whose title may be clouded by an illegal assessment, or a lessee who is under covenant to pay an assessment, is aggrieved when an invalid assessment is made; for it is on the records seemingly good, and has sooner or later to be met and removed. The provision of law for this special proceeding to vacate was meant to afford an early, speedy and cheap mode of testing the legality. It is open to any one, owner or lessee, who is likely to be put to litigation and expense by reason of it.

Another point made is, that the laying of a crosswalk is not a work for which an assessment can be made. The argument is that the city has no authority to assess save for sew-

ers, drains and paving of streets, and that the laying of a crosswalk with flat stones is not paving. But that is settled otherwise (*In re Phillips*, in MS., 1875 \* ); and it follows that the case of a relaying of a crosswalk is a case of repaving, and falls within the exception in the act of 1872 (chap. 580, § 7), as amended in 1874. (Laws of 1874, chap. 313; *In re Phillips, supra.*)

It is apparent from what has been said, that the petitioner has failed to make out a case for vacating the assessment, because he has not shown an omission to publish in the papers employed by the corporation in 1868; nor has he shown an omission to designate such papers. The *onus* was upon him. (*In re Bassford*, 50 N. Y., 509.)

But it is an error which may be corrected on another hearing.

For that reason the order of the General Term should be modified so that the order of the Special Term be reversed, but a new hearing ordered before it; costs to abide the event.

All concur.

Ordered accordingly.