IN THE MATTER OF THE PETITION OF CATHARINE A. GRUBE TO VACATE AN ASSESSMENT, ETC.

*Flagging of the sidewalk is a "pavement" within chapters 335 and 757 of 1873.*

The flagging of the sidewalk of a street is a "pavement," within the meaning of that term as used in chapters 335 and 757 of 1873. (DAVIS, P. J., dissenting.)

APPEAL from an order made at Special Term, denying the prayer of the petition to vacate an assessment for paving One Hundredth street from Eighth to Tenth avenues, in the city of New York.

*James A. Deering*, for the petitioner, appellant.

*Hugh L. Cole*, for the City of New York, respondent

BRADY, J. :

It appears from the proceedings in this matter that the common council in 1863 directed the street to be regulated, graded, curbed, guttered and flagged from Eighth avenue to Broadway. This ordinance was carried into effect, and the cost assessed upon the lots fronting upon the street, including the lots of the petitioner. In June, 1867, the mayor approved the resolution direct-

ing the pavement of the street with McAdam pavement. This resolution was carried into. effect, but no assessment was imposed for the incurred expenses. In the year 1874, the street was again regulated, graded, curbed, guttered, and the sidewalks thereof flagged, pursuant to an ordinance and resolution of the common council adopted in August, 1872. The expense of this work was assessed in 1876 upon the adjacent property, including the petitioner's lots. In February, 1875, the common council directed the pavement of the street or roadway with stone block pavement, which was done, and the cost assessed upon the adjacent property including the petitioner's lots. It is this assessment which the petitioner seeks to vacate. He claims that his application should be granted, because the street having been once paved and the expense thereof paid for by the owners of the adjoining property and by assessment, and the majority of the owners of the front feet on the line of the proposed improvement not having petitioned for the same, the assessment is null and void, according to the act of 1873 (section 22, chapter 757 of the Laws of 1873, amending section 115, chapter 335 of the Laws of 1873). The learned justice in the court below denied the relief sought, upon the ground that the work done under these various ordinances was not a pavement within the purview of the statutes of 1873, the roadway not having been paved, and the work done having been confined to grading, curbing, regulating the street and flagging the sidewalks.

This court, in the *Case of Burmeister*, endeavored to establish the distinction between flagging of a sidewalk and the pavement of a street, but the views expressed were not accepted by the Court of Appeals, and the conclusions arrived at were disapproved, and our judgment overruled. The result is that flagging is pavement within the principle established by the decisions of that court. (*In re Phillips*, 60 N. Y., 16; *In re Burmeister*, 56 How., 416; *In re Burke*, 62 N. Y., 224.) And, as long as these cases remain undisturbed, the question whether flagging is a pavement is not open to discussion.

The order appealed from should be reversed.

BARRETT, J., concurred.

DAVIS, P. J. :

I dissent, on the ground that if the Court of Appeals has held that laying a sidewalk is paving a street, under the laws and ordinances of this city, it can only have been done under a great misapprehension of facts, which the court will make haste to correct.

Order reversed.