THE PEOPLE OF THE STATE OF NEW YORK ex rel. BINGHAM OPERATING CORPORATION, Respondent, against W. EVERETT EYRICH et al., Constituting the Board of Review of the City of Binghamton, Appellants.*

Third Department, March 3, 1943.

*Hugh J. Heffern* (*Samuel H. Pearis* and *Robert L. Sweeney* of counsel), for respondents-appellants.

*Charles R. Stewart* for relator-respondent.

HEFFERNAN, J. Respondents, the assessing officers of the city of Binghamton, have appealed from an order of the Broome Special Term of the Supreme Court, denying their motion to quash a writ of certiorari issued on the application of relator to review the 1942 tax assessment against property owned by it located in that city. The motion is predicated on the claim that relator is not a person aggrieved by the assessment and consequently not entitled to maintain the proceeding.

The question presented is a novel one and, so far as our research discloses, has not heretofore been passed upon by the courts of this State.

Bennett Hotel Company, Inc., formerly owned the premises involved in this proceeding and its ownership continued until September 24, 1942, upon which date it conveyed the same by warranty deed to relator.

On July 31, 1942, respondents completed and filed the assessment roll for the city for that year and caused due and timely notice of their action to be published and posted as required by law. Notice was also given by them that on August 14, 1942, they would meet to review such assessments and to hear and determine all complaints in relation thereto.

On the latter date, Bennett Hotel Company, Inc., filed with the respondents a statement, under oath, specifying the respects in which it claimed the assessment against its property was erroneous and requested that the same be corrected and reduced.

On September 1, 1942, the assessment roll, as finally completed and verified by respondents, was filed by them without making any change, correction or reduction in the valuation of relator's property.

On September 24, 1942, after acquiring title to the property, and within thirty days after the final completion and filing of the assessment roll, relator presented to the Special Term of the Supreme Court a petition for a writ of certiorari to review the assessment against its property in accordance with sections 290 and 291 of article 13 of the Tax Law.

The pertinent provisions of section 290 are: " Any person assessed upon any assessment-roll, claiming to be aggrieved by any assessment for property therein, may present to the supreme court a petition duly verified setting forth that the assessment is illegal, specifying the grounds of alleged illegality, or if erroneous by reason of overvaluation, stating the extent of such overvaluation, or if unequal in that the assessment has been made at a higher proportionate valuation than the assessment of other property on the same roll by the same officers, specifying the instances in which such inequality exists, and the extent thereof, and stating that he is or will be injured thereby. Such petition must show that the application has been made in due time to the proper officers to correct such assessment."

Section 291, so far as material here, provides that such an application must be made within thirty days after final completion and filing of the assessment roll. That section then provides that upon the presentation of such a petition the court may allow the writ and shall also prescribe the time within which a return thereto must be made.

After the issuance and service of the writ respondents moved to dismiss it urging that because the assessment is not against the relator by name it is not within the class of persons entitled to the remedies provided by the Tax Law.

The simple question for determination concisely stated is: Is relator a person aggrieved within the meaning of article 13 of the Tax Law? We think that question must be answered in the affirmative.

In *People ex rel. New York City Omnibus Corp.* v. *Miller* (282 N. Y. 5, 9) the Court of Appeals wrote: " ' The Tax Law relating to review of assessments is remedial in character and should be liberally construed to the end that the taxpayer's right to have his assessment reviewed should not be defeated by a technicality.' " In our opinion all tax laws are to be strictly construed against the taxing power, cannot be extended

by invoking their spirit, and, if open to doubt, must be resolved in favor of the taxpayer.

The words " any person assessed upon any assessment-roll, claiming to be aggrieved by any assessment for property therein," as used in section 290 of the Tax Law obviously mean one whose pecuniary interests are or may be adversely affected. We are convinced that relator is a person aggrieved in this sense. It is the owner of property burdened with an unlawful tax—a tax which it must pay if the court is powerless to grant relief. Surely it must be that any person whose land is illegally or unlawfully assessed is a person aggrieved and, therefore, entitled to invoke the aid of the court to right the wrong.

Bennett Hotel Company, Inc., relator's grantor, was the owner of the property on July 1, 1942, when respondents made the assessment. Likewise it was the owner on August 14, 1942, when it filed its objections to such assessment. Concededly that protest was timely made. It had title to the premises on September 1, 1942, the date when the assessment was finally completed. Relator was the owner of the land on September 24, 1942, the date when it initiated this proceeding. Concededly the proceeding to review the assessment was timely instituted. The position of respondents, in brief, is that relator's grantor may not review the assessment because not the owner when review might be had and that relator may not review it because not the owner when the assessment was made. To adopt the contention of respondents would result in holding that no proceeding whatever can be maintained for the review of this assessment, which we must assume to be erroneous in view of the allegations of the petition, a statutory interpretation not permissible in the absence of inescapable legislative mandate.

We think the contention of respondents is entirely too narrow, too technical. Article 13 of the Tax Law was enacted to provide a remedy for illegal, erroneous and unequal assessments in whatever form or manner they are levied. The statute should be construed so as to suppress the mischief aimed at by its authors. The assessment under review is just as effectual for the purpose of taking the property of relator as though levied against it by name. Respondents apparently ignore the fact that an assessment is levied against the land and not against the owner, the name of the latter being noted merely for the purpose of identification. (Tax Law, § 21.)

Then, too, respondents may not raise the issue of ownership. In certiorari proceedings only the question whether the tax assessment is valid can be litigated. (*People ex rel. Ambroad Equities* v. *Miller*, 289 N. Y. 339.)

Finally it should be said that if the construction contended for should prevail and if a piece of real estate should be assessed at many times its value the owner would be remediless and compelled to pay an unequal tax merely because he acquired his title thereto subsequently to the unlawful assessment but before the time to review it expired. We decline to adopt such an unreasonable, such an unjust, construction.

The order appealed from should be affirmed, with twenty-five dollars costs and disbursements.

HILL, P. J., CRAPSER, BLISS and SCHENCK, JJ., concur.

Order affirmed, with twenty-five dollars costs and disbursements.