In the Matter of McLEAN'S DEPARTMENT STORES, INC., Respondent, against COMMISSIONER OF ASSESSMENT OF THE CITY OF BINGHAMTON et al., Appellants.

Third Department, July 9, 1956.

*John V. Romagnoli, Corporation Counsel,* for appellants.

*C. Addison Keeler* for respondent.

GIBSON, J.   The petition seeks to review an assessment by the assessing authorities of the City of Binghamton of real property occupied by petitioner under a lease expiring October 1, 1969. By the terms of the lease, petitioner was obligated to pay all taxes assessed against the property.

Petitioner's application for a review of the assessment by the appellant board of review was denied by that board on the ground, as appears from appellants' brief, that petitioner had failed to submit with its application the power of attorney which is required by Local Law No. 1 of 1943 of the City of Binghamton when the complainant is not " the person assessed or whose property is assessed ".

Petitioner thereupon applied to the Supreme Court for a review of the assessment under article 13 of the Tax Law.   The commissioner and the board of review moved to dismiss the petition on the ground that, by reason of petitioner's failure to comply with Local Law No. 1 of 1943, the court was without jurisdiction, and from the order denying that application took this appeal.

The provisions of Local Law No. 1 upon which appellants rely are, in part, as follows:

" Section 1. Complainants who file complaints with the assessor and board of review of the city of Binghamton in relation to assessments shall comply with the procedure set forth in this local law in addition to the procedure set forth by other applicable statutes or provision of law.

" § 2. Such complainants shall file with the assessor and board of review a statement under oath specifying the respect in which the assessment complained of is incorrect, which statement must be made by the person assessed or whose property is assessed, or by some person authorized to make such statement and who has knowledge of the facts stated therein.   If such statement is made by a person other than the person assessed or whose property is assessed, there must be submitted to the assessor and board of review a written power of attorney, duly acknowledged, showing the authorization of the person therein designated to make such statement.   If not satisfied that such assessment is erroneous, the assessor and/or board of review may require the person assessed or his agent or representative, or any other person, to appear before them and

be examined concerning such complaint, and to produce any papers relating to such assessment with respect to his property for the purpose of taxation."

A statement, intended to comply with section 1 of the local law, was executed by petitioner and was filed, but petitioner failed to comply with the request of the corporation counsel that petitioner either submit a power of attorney from the owner or have the owner present at the hearing before the board of review for the purpose of testifying.

The requirement as to the filing of a power of attorney seems to us a procedural provision designed to prevent unauthorized appearances and the unreported special term decisions appended to appellants' brief lend some support to this view. We do not believe it was intended to be applicable when the statement required is verified by the person upon whom the burden of the tax will fall. We proceed, however, to examine the question upon somewhat broader grounds.

Respondent does not question the validity of the local law as regulatory of proceedings before the board of review generally, but asserts that it must be construed to require review at the instance of any person aggrieved, within the meaning ascribed to that term by various judicial decisions. The Special Term adopted the construction thus urged and we believe its determination was correct.

By constitutional authority, cities are empowered to enact local laws, " not inconsistent with this constitution and laws of the state ", in respect to, among other things, " the collection and administration of local taxes authorized by the legislature ". (N. Y. Const., art. IX, § 12.) By subdivision 1 of section 11 of the City Home Rule Law cities are authorized to adopt and amend local laws in relation to, among other things, local assessments and " the review of such local assessments subject to further review by the courts *as provided by law* ". (Emphasis supplied.)

The judicial review " provided by law " is had pursuant to article 13 of the Tax Law and section 290-b provides that " Any person claiming to be aggrieved by any assessment for property upon any assessment-roll may commence a proceeding under this article by serving upon the officers designated in section two hundred ninety-one a petition * * *." By section 290-c, the petition is required to show " that application has been made in due time to the proper officers to correct such assessment ". Since the right of judicial review is preserved for the benefit of persons claiming to be " aggrieved ", it clearly follows that

every complainant whose status is comprehended by that term is entitled to complain to the board and obtain the preliminary review necessarily precedent to the judicial proceeding. The conclusion that such is the meaning and intent of the local law seems inescapable. By no other construction could its validity be sustained.

We find petitioner, as a lessee obligated to pay all taxes during the term of the lease, a person aggrieved and thus entitled to the protection of the statute and, in consequence, eligible to undertake the procedure provided by the local law. Our finding is, of course, a matter of definition and for that at which we arrive ample authority exists.

In *Matter of Burke* (62 N. Y. 224, 227) a lessee was held to be " ' the person aggrieved ' " by an assessment, Judge FOLGER writing, " If he was, at the time of laying the assessment, legally liable to pay it, and has since so continued, I think that he is aggrieved if the assessment be wrongful ". The Court of Appeals has also held to be aggrieved a mortgagee (*Matter of Walter,* 75 N. Y. 354) and a former owner bound by an agreement to indemnify his grantee (*Matter of Phillips,* 60 N. Y. 16).

We consider that the determination at Special Term must be sustained, also, upon the further and broader ground that petitioner was, under its lease, the owner of such an interest in the property as to constitute it not only a person aggrieved but a person whose property was assessed, within the meaning of the local law. This court held in *People ex rel. Bingham Operating Corp.* v. *Eyrich* (265 App. Div. 562, 565) that the relator, who had purchased property subsequent to its assessment and whose name was not on the assessment roll, was not only a person " claiming to be aggrieved " but also a person " assessed " and it was said that those words, as used in the then section 290 of the Tax Law, " obviously mean one whose pecuniary interests are or may be adversely affected ". In the same opinion it was pointed out that it is the land that is assessed and the owner's name is noted merely as an aid to identification of the property.

The principle of broad construction applicable to remedial statutes pertaining to assessment and taxation is fundamental and that principle, of course, bears with equal force upon the interpretation of local enactments such as that here involved.

The order should be affirmed, with $50 costs.

FOSTER, P. J., COON, HALPERN and ZELLER, JJ., concur.

Order affirmed, with $50 costs.