In the Matter of AMES DEPARTMENT STORES, Appellant, v ASSESSOR OF THE TOWN OF CONCORD et al., Respondents.

Fourth Department, May 25, 1984

**APPEARANCES OF COUNSEL**

*Cronin, Cronin & Cronin* (*Laureen L. Cronin* of counsel), for appellant.

*Prescott, Howitt, Manchester & Andruschat* (*Thomas E. Andruschat* of counsel), for respondents.

*Eugene F. Pigott, Jr., County Attorney (Ronald Bennett* of counsel), for County of Erie, *amicus curiae.*

MOULE, J.

The question presented on this appeal is whether a lessee of commercial real property, responsible only for a pro rata share of taxes on a premises assessed as a whole unit, is an "aggrieved person" under article 7 of the Real Property Tax Law.

Petitioner is a long-term lessee of 50,400 square feet of space which it uses to operate a department store. The store is located in the 8.53 acre Ames Plaza on Waverly Road in the Town of Concord. It occupies approximately 60% of the gross leasable space in the plaza; the remaining 40% is occupied by a supermarket, a pharmacy and an electronics store.

The plaza's owner leases space to petitioner pursuant to a written agreement which contains numerous covenants regarding taxes. Paragraph 9.01 of the agreement provides that petitioner is responsible for "all taxes, assessments and other governmental charges of any kind". Paragraph 9.02 provides that in the event the stores are not separately assessed, petitioner is liable for its pro rata share of the taxes based on the percentage of gross leasable space of the plaza that it occupies. Lastly, paragraph 9.03 grants petitioner the right to contest tax assessment in its own name, "the name of [the] * * * LESSOR or both".

Petitioner commenced this action under article 7 of the Real Property Tax Law for a review of the assessment and respondents moved at Special Term to dismiss the petition on the grounds that petitioner does not have legal capacity to bring the action, that the pleading fails to state a cause of action and that the court lacks jurisdiction.

Three issues are raised by Special Term's grant of respondents' motion. They all concern interpretation of various sections of the Real Property Tax Law. They are: (1) whether petitioner is an "aggrieved" person under subdivision 1 of section 704; (2) whether section 304, concerning leased property assessed in individual units, is applicable

to commercial property; and (3) whether the petition is defective because it is improperly verified under section 706.

The first question of whether a lessee of real property, responsible only for a pro rata share of taxes on a premises assessed as a whole unit, is an "aggrieved person" under article 7 of the Real Property Tax Law, presents a question of first impression.

Subdivision 1 of section 704 provides that "[a]ny person claiming to be aggrieved by any assessment of real property * * * may commence a proceeding under this article". An aggrieved person is one whose pecuniary interests are or may be adversely affected by an illegal assessment (*People ex rel. Bingham Operating Corp. v Eyrich*, 265 App Div 562; see, also, *Matter of Mack v Assessor of Town of Ramapo*, 72 AD2d 604). The cases have uniformly held that lessees of entire parcels who are obligated to pay property taxes have a pecuniary interest and, therefore, are aggrieved by unlawful assessment (*Matter of Arlen Realty & Dev. Corp. v Board of Assessors*, 74 AD2d 905; *Matter of Onteora Club v Board of Assessors*, 29 AD2d 251).

Respondents contend that the general rule is inapplicable because petitioner leases only a portion of the premises assessed as a whole unit and, therefore, it should not be permitted to bring this action which will necessarily entail review of that part of the assessment for which petitioner is not obligated to pay taxes.

Subdivision 1 of section 704 does not distinguish between full and fractional plot lessees but, rather, requires only that the petitioner be "aggrieved". Here, petitioner's grievance is that an overassessment has resulted in direct pecuniary harm. Since the nature of the harm is the same whether petitioner is responsible for 50 or 100% of the taxes levied on the property, petitioner is aggrieved within the meaning of the statute. The purpose of article 7, providing relief to unfairly burdened taxpayers, would be frustrated were we to construe section 704 as barring petitioner's claim (*Dun & Bradstreet v City of New York*, 276 NY 198). Statutes should be construed to further, not frustrate, legislative intent (McKinney's Cons Laws of NY, Book 1, Statutes, § 92; *Eaton v New York City Conciliation*

*& Appeals Bd.,* 56 NY2d 340). Moreover, where the construction of a taxing statute is in issue, the accepted principle is toward liberal construction in favor of the taxpayer (*Matter of Great Eastern Mall v Condon,* 36 NY2d 544; *Matter of Batavia Enterprises v Assessor of Town of Batavia,* 72 AD2d 912).

Respondents' arguments that to grant fractional plot lessees standing will create administrative burdens and will allow for potentially conflicting valuations of the same property are unpersuasive since the Real Property Tax Law and the CPLR provide procedural mechanisms for consolidation of actions and joinder of affected parties (Real Property Tax Law, § 706, subd 2; § 710; CPLR 401; see Siegel, NY Prac, § 551).

The question of whether the petition is defective because the property is not assessed in individual units pursuant to section 304 of the Real Property Tax Law requires determining whether this statute is applicable to commercial property. Respondents contend that subdivision 4 of section 704 providing that "[a] renter who has an interest in real property [under] section three hundred four of this chapter shall be deemed to be an aggrieved person" is the exclusive avenue by which a partial plot lessee may commence a tax certiorari proceeding. They go on to conclude that, because subdivision 5 of section 304 requires that "the owner of the real property shall file with the appropriate assessment department * * * the rent roll covering all units of said property", and, since no rent roll was filed here, petitioner lacks any interest in the subject property under section 304. This contention is wholly without merit.

Section 304 concerns "real property * * * rented for residential purposes" (see Real Property Tax Law, § 304, subd 2). The "residential purposes" and "dwelling unit" terms found in subdivision 2 limit its scope and, contrary to respondents' claim, there is nothing in the statute's language to support applying it to commercial property. Indeed, its legislative history indicates that section 304 was enacted solely to qualify renters of residential property to deduct from Federal income taxes that portion of the rent payment attributable to the payment of real property taxes (see NY Legis Ann, 1978, p 277).

■ The final issue presented is whether the petition is defective for failure to comply with the verification requirements of section 706 of the Real Property Tax Law. CPLR 3022 governs improperly verified pleadings and provides that a party entitled to a duly verified petition may treat a defectively verified one as a nullity if he gives notice with "due diligence" to the attorney of the adverse party (cf., also, CPLR 3026). Due diligence requires that notice be given immediately or within 24 hours or else the objection is waived (*Able Breaking Corp. v Consolidated Edison Co.,* 88 AD2d 649; *Matter of Houghwot v Town of Kiantone,* 69 AD2d 1011; *Matter of O'Neil v Kasler,* 53 AD2d 310; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3022:2, p 396). Here, respondents failed to timely reject the petition and give notice with due diligence since they delayed 28 days before objecting. Respondents thus waived any objection based on improper verification (*People ex rel. New York City Omnibus Corp. v Miller,* 282 NY 5; *Matter of Franklin Shops v Village Assessor of Inc. Vil. of Hempstead,* 15 AD2d 921).

■ Accordingly, we hold that petitioner is an "aggrieved" person under subdivision 1 of section 704, that section 304 is inapplicable to commercial property and that respondents waived any objection based on improper verification by failing to give notice of the defect with due diligence.

The order of Special Term should be reversed, and the motion should be denied.

HANCOCK, JR., J. P., DOERR, DENMAN and GREEN, JJ., concur.

Order unanimously reversed, without costs, and motion denied.