■ In the Matter of BIG "V" SUPERMARKETS, INC., STORE #217, Respondent, v ASSESSOR OF THE TOWN OF EAST GREENBUSH et al., Respondents, and EAST GREENBUSH CENTRAL SCHOOL DISTRICT, Intervenor-Appellant.—Yesawich, Jr., J. Ap-

peal from an order of the Supreme Court at Special Term (Torraca, J.), entered July 11, 1984 in Rensselaer County, which, in a proceeding pursuant to Real Property Tax Law article 7, denied intervenor's motion for summary judgment dismissing the petition.

In May of 1980, petitioner entered into a lease with Simon Konover and Max Javit to rent a portion of their property located in the Town of East Greenbush, Rensselaer County, for use as a food supermarket. Under the lease, petitioner was obliged to pay, as an element of rent, "all taxes and assessments which will or may become a lien on the Shopping Center". In 1981, Konover and Javit sold the property to the Rensselaer County Industrial Development Agency (RCIDA), taking back a lease on the premises. Although RCIDA is exempt from payment of property taxes on the subject land (*see,* Real Property Tax Law § 412-a), this lease required Konover and Javit to make annual payments to the Town and other taxing entities in amounts in lieu of, but equal to, the annual property taxes otherwise owing. By the terms of this lease, Konover and Javit also relinquished their right to contest assessments on the property under Real Property Tax Law article 7 and, instead, agreed to arbitrate any grievances with RCIDA.

Dissatisfied with what it perceived as an oppressive assessment in 1983, and its complaint respecting that assessment having been reviewed administratively and denied, petitioner commenced this proceeding pursuant to Real Property Tax Law § 704 (1). Arbitration was not sought by petitioner or its landlord. Intervenor thereafter moved for summary judgment claiming that the agreement of Konover and Javit with RCIDA precluded petitioner from seeking review under Real Property Tax Law § 704 (1). Special Term's denial of intervenor's motion precipitated this appeal.

Intervenor's initial contention that petitioner lacks standing to proceed under Real Property Tax Law article 7 is not at all persuasive. Section 704 (1) entitles persons "aggrieved" by an assessment to maintain the proceeding. A person is aggrieved when that individual's "pecuniary interests are or may be adversely affected" *(People ex rel. Bingham Operating Corp. v Eyrich,* 265 App Div 562, 565; *see, Matter of Mack v Assessor of Town of Ramapo,* 72 AD2d 604, 605). That a lessee, bound by his lease to pay an assessment laid, qualifies as such an aggrieved party is past dispute *(Matter of Burke,* 62 NY 224, 228; *see, e.g., Matter of Arlen Realty & Dev. Corp. v Board of Assessors,* 74 AD2d 905; *Matter of McLean's Dept. Stores v*

*Commissioner of Assessment,* 2 AD2d 98, 101). Moreover, it is of no material consequence that aggrievment as the result of an assessed valuation originated in contract *(see, Matter of Pass & Seymour v Town of Geddes,* 126 Misc 2d 805; *cf. Matter of Ames Dept. Stores v Assessor of Town of Concord,* 102 AD2d 9). Given these principles and the fact that petitioner's lease with Konover and Javit obligated it to make payments in an amount determined by the tax assessment on the property, it is apparent that petitioner's pecuniary interests were affected by the assessment and, accordingly, it has standing to proceed under Real Property Tax Law article 7.

As for intervenor's contention that the Konover and Javit lease agreement with RCIDA binds petitioner and thereby forecloses it from proceeding under Real Property Tax Law article 7, that argument is without support in law or reason. Petitioner was not a signatory to the contract with RCIDA, nor had it been apprised of the arbitration agreement contained therein. Lastly, it is axiomatic that parties to a contract cannot by its terms impose any liability upon a stranger to the contract (22 NY Jur 2d, Contracts, § 229, at 77).

Order affirmed, with costs to petitioner. Kane, J. P., Main, Weiss, Yesawich, Jr., and Harvey, JJ., concur.