*365 OPINION OF THE COURT
Edwin Kassoff, J.
In these proceedings to review the assessments of real property in certain tax years, petitioner moves for partial summary judgment determining that it is an aggrieved person under Real Property Tax Law § 704 (hereinafter RPTL) and Administrative Code of the City of New York § 166-1.0. Petitioner also seeks to amend the note of issue filed herein by changing the index number from CE 1502/81 to CE 1682/80. Respondents cross-move to dismiss the pending proceedings on the ground that petitioner lacks standing.
As the lessee of a substantial portion of a shopping center, petitioner was obligated under its lease to pay, as additional rent, 49% of the excess in annual real estate taxes levied upon the entire property over a base amount. The issue presented for determination is whether such a commercial lessee is an aggrieved person within the meaning of RPTL article 7 and thus has the requisite standing to maintain these proceedings.
RPTL, article 7, § 704 permits any person aggrieved by an assessment of real property to commence a proceeding to review the assessment. Similarly, Administrative Code § 166-1.0 (a) provides that "[a]ny person or corporation claiming to be aggrieved by the assessed valuation of real property may commence a proceeding to review or correct on the merits a final determination of the tax commission”.
An aggrieved person has been defined as one whose pecuniary interests are or may be adversely affected by an assessment. (People ex rel. Bingham Operating Corp. v Eyrich, 265 App Div 562; see also, Matter of Mack v Assessor of Town of Ramapo, 72 AD2d 604.) The affected pecuniary interests need not arise solely from a statutory obligation to make tax payments, but may also result from a contractual undertaking. (Matter of Big "V” Supermarkets v Assessor of Town of E. Greenbush, 114 AD2d 726; Matter of Pass & Seymour v Town of Geddes, 126 Misc 2d 805.) Thus, lessees of entire parcels who are contractually obligated by their leases to make payment of property taxes have standing to challenge tax assessments. (Matter of Burke, 62 NY 224; Matter of Arlen Realty & Dev. Corp. v Board of Assessors, 74 AD2d 905; Matter of McLean’s Dept. Stores v Commissioner of Assessment, 2 AD2d 98; Matter of Grecian Garden Apts. v Barlow, 71 Misc 2d 457.) More recently, commercial lessees responsible under the *366 leases to pay, as additional rent, a pro rata share of taxes on premises assessed as a whole unit have consistently been found to have standing as aggrieved persons. (Matter of Big "V” Supermarkets v Assessor of Town of E. Greenbush, supra; Matter of Caldor, Inc. v Board of Assessors, 104 AD2d 883; Matter of Ames Dept. Stores v Assessor of Town of Concord, 102 AD2d 9.)
This court can find no justifiable basis to distinguish the petitioner herein from the fractional lessees in the Big "V”, Caldor and Ames cases. (See contra, Matter of Mott Haven Furniture Co. v Finance Administrator of City of N. Y., 130 Misc 2d 667.) The rationale for granting standing to pro rata lessees applies as well to lessees who pay a pro rata share of real estate taxes above a base amount: "Subdivision 1 of section 704 does not distinguish between full and fractional plot lessees but, rather, requires only that the petitioner be 'aggrieved’. Here, petitioner’s grievance is that an overassessment has resulted in direct pecuniary harm. Since the nature of the harm is the same whether petitioner is responsible for 50 or 100% of the taxes levied on the property, petitioner is aggrieved within the meaning of the statute. The purpose of article 7, providing relief to unfairly burdened taxpayers, would be frustrated, were we to construe section 704 as barring petitioner’s claim”. (Matter of Ames Dept. Stores v Assessor of Town of Concord, 102 AD2d 9, 11, supra.)
Contrary to respondents’ contention, the absence of a lease provision authorizing the petitioner to contest tax assessments is not dispositive. Parties cannot, by agreement, confer standing in contravention of statutory requirements (Matter of Doughty v Loomis, 9 AD2d 574, affd 8 NY2d 722) and although the leases at issue in Caldor and Ames contained clauses permitting the lessee to maintain tax review proceedings, neither court relied upon such provisions in finding that the lessees were aggrieved persons.
The court finds no merit to respondents’ argument that, since duplicate petitions have been filed by the landlord for some tax years, undue administrative burdens will be created if standing is extended to the lessee. As was stated in Matter of Ames Dept. Stores v Assessor of Town of Concord (102 AD2d 9, 12, supra): "Respondents’ arguments that to grant fractional plot lessees standing will create administrative burdens and will allow for potentially conflicting valuations of the same property are unpersuasive since the Real Property Tax Law and the CPLR provide procedural mechanisms for consolida *367 tion of actions and joinder of affected parties (Real Property Tax Law, § 706, subd 2; § 710; CPLR 401; see Siegel, NY Prac, § 551).”
Accordingly, that branch of petitioner’s motion for partial summary judgment on the issue of standing is granted and respondents’ cross motion is denied.
That branch of petitioner’s motion to amend the note of issue as well as a determination as to the status and feasibility of consolidation or joint trial of the various petitions filed by petitioner and its landlord, Carlyle Shopping Center, Inc., is denied. Petitioner is required to file a separate note of issue for each tax year in issue (CPLR 3402; Uniform Rules NY St Trial Cts [22 NYCRR] § 202.60 [e] [2]). Additionally, Uniform Rules for New York State Trial Courts (22 NYCRR) § 202.60 (c) requires petitioner to submit a certified statement of the income and expenses of the property for each of the tax years involved. Consolidation or joint trial of real property tax assessment review proceedings are discretionary and are conditioned upon service having been made of the verified or certified income and expense statement for each of the tax years under review (Uniform Rules NY St Trial Cts [22 NYCRR] § 202.60 [fj).
Petitioner is directed to serve a copy of the order to be entered hereon on Carlyle Shopping Center, Inc., or its successor in interest.