OPINION OF THE COURT
 

 Bellacosa, J.
 

 We reverse the order of the Appellate Division which gave petitioner Waldbaum, Inc. — a substantial but still partial lessee — standing to bring its own tax certiorari proceeding with respect to its leased premises. Petitioner does not enjoy this right because the lease does not obligate Waldbaum to pay the real property taxes on the leased premises. It pays only rent which may be affected, in part, by an increase in the landlord’s tax obligation. Nor has Waldbaum acquired a contractual right under the lease to contest the assessment in the owner-lessor’s name. The assessment at issue, therefore has, in the legal sense, only a remote and consequential impact on petitioner’s pecuniary interest, not the required direct adverse affect necessary to confer standing.
 

 In 1961, petitioner Waldbaum’s wholly owned subsidiary entered into a 20-year lease with the Carlyle Shopping Center, Inc. (Carlyle), for the rental of 49% of Carlyle’s premises. Throughout the leasehold period, all taxes were levied against and paid by Carlyle. The lease obligated Waldbaum to pay a fixed annual "minimum rent”, plus a fluctuating "percentage rent” equal to
 
 lVz%
 
 of its gross annual sales over a base amount, and then also, under a tax escalation clause, "additional rent” equal to a 49% pro rata share of the real property taxes levied against Carlyle in excess of a base tax. Payments of "additional rent” were to reduce any "percentage rent” owing for the same year dollar for dollar. Consequently, a tax increase would cause an increase in Waldbaum’s annual rental costs only to the extent that its pro rata tax escalation share exceeded the "percentage rent” owed in the same year.
 

 Waldbaum instituted successive tax certiorari proceedings challenging the validity of real property tax assessments levied against Carlyle from 1971 through 1982. Carlyle itself initiated, then abandoned, duplicative proceedings for some of the same tax years. By a "so ordered” stipulation, the parties consolidated six of the proceedings and several others were deemed not pending. In 1985, Waldbaum moved for partial
 
 *132
 
 summary judgment seeking a declaration that it could proceed as a party aggrieved to challenge the assessments under Real Property Tax Law (RPTL) § 704 and the Administrative Code of the City of New York § 11-231 (formerly § 166-1.0 [a]). The Finance Administrator cross-moved for an order dismissing the six pending consolidated proceedings as well as a seventh "mistakenly filed” proceeding, on the ground that Waldbaum lacked standing. Supreme Court denied the latter, granted the former and declared Waldbaum had standing.
 

 The Appellate Division modified in an aspect not before us but otherwise affirmed as to the issue now on appeal and held that as a fractional lessee paying a pro rata share of the real property tax, Waldbaum was aggrieved and could bring the proceedings. It reasoned that insofar as Waldbaum was contractually bound to pay "additional rent” as a consequence of increased assessments, its pecuniary interest may be adversely affected. The dissenting Justices would have denied standing because the alleged pecuniary consequences from increased assessments were deemed too remote and indirect; that is, dependent upon the net annual computation and effect of a prorated tax increase as offset by the percentage of gross sales for the same tax year. The dissenters also emphasized that taxpayer-lessor, Carlyle, did not contract with Waldbaum for it to bring a tax certiorari proceeding. Leave to appeal was granted by that court on a certified question.
 

 We are asked to determine, as a matter of first impression for this court, whether Waldbaum, a fractional lessee who is obligated to pay rent which includes a variable pro rata share of the landlord’s real property taxes pursuant to a particular contractual formula, is a party aggrieved sufficient to warrant its personal challenge of an assessment in a tax certiorari proceeding.
 

 We hold that it is not, reverse the order of the Appellate Division and answer the certified question in the negative. A fractional lessee lacks standing to maintain a tax certiorari proceeding unless the lease expressly confers the right to assert the lessor’s undivided property interest in a challenge of the assessment, or unless the lessee is required to pay directly the taxes levied against the lessor’s undivided parcel. In either instance, the assessment must also have a direct adverse affect on the challenger’s pecuniary interests.
 

 Before resolving finally whether Waldbaum is a person or corporation aggrieved by the assessed valuation of real prop
 
 *133
 
 erty (Administrative Code § 11-231; RPTL § 704 [1]; NY City Charter § 163 [b]), we acknowledge that " '[t]he Tax Law relating to review of assessments is remedial in character and should be liberally construed to the end that the taxpayer’s right to have his assessment reviewed should not be defeated by a technicality’ ”
 
 (Matter of Great Eastern Mall v Condon,
 
 36 NY2d 544, 548, quoting
 
 People ex rel. New York City Omnibus Corp. v Miller,
 
 282 NY 5, 9). Consistent with the review principle, this court has previously held that the lessee of an undivided assessment unit may challenge the assessment if legally bound by the lease to pay the entire assessment on behalf of the owner at the time it is laid
 
 (see, Matter of Burke,
 
 62 NY 224, 227-228;
 
 see also, Matter of Gantz,
 
 85 NY 536, 539;
 
 Matter of Walter,
 
 75 NY 354, 357;
 
 Matter of McLean’s Dept. Stores v Commissioner of Assessment of City of Binghamton, 2
 
 AD2d 98, 101).
 

 Implicit in the precedents upholding the right of a non-owner to maintain a tax certiorari proceeding has been the requirement for an undivided tax liability. In each cited case, the party aggrieved was, by contractual rearrangement of the obligation, made wholly responsible for the entire tax levy in the stead of the owner-taxpayer. Aggrievement was recognized where an assessment adversely affected a challenger’s pecuniary interests causing the loss of "something from his own property or means”
 
 (Matter of Walter,
 
 75 NY 354, 357,
 
 supra; see, Matter of Phillips,
 
 60 NY 16, 20-21;
 
 People ex rel. Bingham Operating Corp. v Eyrich,
 
 265 App Div 562, 565,
 
 lv denied
 
 266 App Div 803). The adverse impact on a petitioner’s pecuniary interests "must not be a remote and consequential result, but a direct one”
 
 (Matter of Walter, supra,
 
 at 357). Thus, for example, a purchase-money mortgagee does not have standing on the "mere possibility separated by several contingencies” that its pecuniary interest may henceforth be affected
 
 (Matter of Suburbia Fed. Sav. & Loan Assn. v Mayor of Inc. Vil. of Lynbrook,
 
 76 AD2d 841,
 
 lv denied
 
 52 NY2d 702), while the parent company of a wholly owned subsidiary, obligated to pay all the taxes on premises it leases, has standing to sue on behalf of the subsidiary
 
 (Matter of Arlen Realty & Dev. Corp. v Board of Assessors,
 
 74 AD2d 905).
 

 Petitioner Waldbaum argued successfully in the Appellate Division that there is no substantive difference between a total lessee and a fractional lessee paying, in effect, a pro rata share of the real property taxes. It is not so successful here. The authorities pointed to as persuasive support for its view
 
 *134
 
 are consonant with the rule, to which we adhere, that the aggrieved party’s pecuniary interest be directly affected and that the total assessment be subject to the challenge. In
 
 Matter of Big "V” Supermarkets v Assessor of Town of E. Greenbush
 
 (114 AD2d 726), the fractional lessee petitioner agreed to pay "all taxes and assessments which will or may become a lien on the Shopping Center” and was properly found to be a party aggrieved. In
 
 Matter of Ames Dept. Stores v Assessor of Town of Concord
 
 (102 AD2d 9), a commercial lessee responsible for a pro rata share of the taxes had, by express lease provision, the right to contest a tax assessment in the name of the lessor. In each case, the lessee asserted a unitary property interest pursuant to a contractual obligation. To the extent that these precedents have been or may be read to the contrary, they are subsumed in the holding of the instant case.
 

 It seems necessary to us as a matter of sound policy and interpretation to condition a partial lessee’s procedural standing in such matters on a direct obligation to pay the lessor’s taxes or on a contractual authorization to pursue a tax certiorari proceeding, representing the undivided assessment unit, in the lessor’s stead in order to avoid a fracturing of challenges against an assessment; to prevent duplicative petitions, as initially arose in this very case
 
 (see, e.g., Matter of Mott Haven Furniture Co. v Finance Adm’r of City of N. Y.,
 
 130 Misc 2d 667;
 
 Village Supermarkets v Township of W. Orange,
 
 106 NJ 628, 525 A2d 323); to protect the taxing authority from multiple litigation as to the same parcel by parties of unknown relation to the taxed premises; and to ensure that the assessment consequences are proportionately spread among all entities having obligations flowing out of a divided assessment unit.
 

 In the consolidated assessment proceedings before us, lessor-owner Carlyle, not the partial lessee Waldbaum, remained always the sole party legally responsible to pay the tax. Waldbaum was not a total lessee; it was not obligated directly to pay the taxes levied against the whole of the property assessed; and it was not given a contractual entitlement to bring a tax certiorari proceeding in Carlyle’s name. Moreover, the lease imposed no obligation for a corresponding increase in rent payment tied directly to a tax increase, but was keyed by formula to a deductible, variable offset. "Additional rent” under the tax escalation clause had an actual impact on Waldbaum’s pecuniary interest only to the extent that it
 
 *135
 
 exceeded the "percentage rent” Waldbaum owed on its gross annual sales. This contractual formula renders the impact of a tax increase legally remote and only consequential on this pro rata indirect "taxpayer” and is, thus, an insufficient predicate for allowing it to bring a personal tax certiorari proceeding in lieu of or in addition to the owner-lessor.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, the petition dismissed, and the certified question answered in the negative.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
 

 Order reversed, etc.