■ 919 THIRD AVENUE ASSOCIATES, Appellant, v P.J. CLARKE'S INC., Respondent.—Order, Supreme Court, New York County (Stanley Parness, J.), entered June 22, 1990, which denied plaintiff's motion for summary judgment striking defendant's answer insofar as it applied to the cause of action seeking to compel defendant to withdraw its 1990-1991 tax protest application and to dismiss defendant's counterclaims, directed the New York Tax Commission to accept duplicate filings from plaintiff and defendant and to grant them a joint hearing, and declared that defendant had standing to bring a judicial tax certiorari action, unanimously reversed, on the law, summary judgment is awarded to plaintiff on its complaint and defendant is directed to withdraw its tax protest, without costs.

Plaintiff is the owner-landlord of real property located at 919 Third Avenue. The 1990/1991 total actual assessment on the property, which consists of an office building and a two-story restaurant, is $130,050,000. Defendant leases that portion of the property consisting of the restaurant. Pursuant to its lease with plaintiff, defendant is to pay 11% of the real estate tax attributed to the land portion as additional rent. Defendant is not obligated to pay real estate taxes on the entire property, and although the lease permits defendant to challenge "Impositions", such "Impositions", as defined in the lease, do not include real estate taxes. The lease further

provides that the tax assessor's final evaluation is to be conclusive as between the parties.

The total real estate tax assessment on the property has increased greatly since 1970. While plaintiff has sought reductions of both land and building assessments over the years, defendant, claiming that plaintiff has not sought a sufficient reduction in the land assessment, filed a separate tax protest with the New York City Tax Commission to challenge the 1990/1991 tax assessment. Plaintiff filed a protest as well. The Tax Commission invoked its rule against duplicate protests and refused to consider either filing until one of the applications was withdrawn.

Plaintiff then commenced this action seeking to compel defendant to withdraw its protest on the ground that defendant had no standing to file a tax protest and because the pendency of defendant's application precluded plaintiff from protesting the total tax assessment. Defendant asserted affirmative defenses and nine counterclaims, seeking, *inter alia,* damages for plaintiff's prior failure to seek a reduction in land assessment, and a declaratory judgment as to the manner in which it could protect its interests in future proceedings concerning the land assessment of the property. The Tax Commission was not joined as a party. Plaintiff then moved, *inter alia,* for summary judgment on its complaint and for dismissal of defendant's counterclaims.

The Supreme Court denied plaintiff's motion for summary judgment and directed the Tax Commission to accept the duplicate filings of the tax protests. It further directed the Tax Commission to afford both the landlord and the tenant an opportunity to be heard. The court also declared that defendant had the right to pursue an article 7 consolidated action with the landlord or independently, if the landlord did not file.

In *Matter of Waldbaum, Inc. v Finance Adm'r of City of N. Y.* (74 NY2d 128, 132), the Court of Appeals held that a fractional lessee such as defendant herein, who is obligated to pay rent which includes a variable pro rata share of the landlord's real property taxes pursuant to a particular contractual formula, is not a party aggrieved sufficient to warrant its personal challenge of an assessment in a tax certiorari proceeding. The court held *(supra,* at 132) that "[a] fractional lessee lacks standing to maintain a tax certiorari proceeding unless the lease expressly confers the right to assert the lessor's undivided property interest in a challenge of the assessment, or unless the lessee is required to pay directly the

taxes levied against the lessor's undivided parcel. In either instance, the assessment must also have a direct adverse affect on the challenger's pecuniary interests."

While the Supreme Court recognized that the lease herein did not authorize an independent protest and that defendant was not obligated to pay the entire real estate tax, it permitted the duplicate filing based on the fact that the tenant's pecuniary interest was directly affected by the tax assessment. While the tenant's pecuniary interests were certainly affected by the unusual rent escalation provision in the lease, this factor alone does not entitle the tenant to bring its own protest. *(Matter of Waldbaum, Inc. v Finance Adm'r of City of N. Y., supra.)* Moreover, since the Tax Commission had not been joined as a party, the Supreme Court was without authority to issue a directive to that governmental entity. Concur—Ross, J. P., Rosenberger, Asch, Kassal and Rubin, JJ.