In the Matter of K-MART CORPORATION, Appellant, v BOARD OF ASSESSORS OF THE COUNTY OF TOMPKINS et al., Respondents. (And Six Other Related Proceedings.)—Mikoll, J. Appeal from a judgment of the Supreme Court (Ellison, J.), entered April 30, 1990 in Tompkins County, which, in seven proceedings pursuant to RPTL article 7, granted respondents' motion for summary judgment dismissing the petitions due to petitioner's lack of standing.

The question presented on this appeal is whether Supreme Court properly ruled that petitioner, as a fractional lessee, lacked standing to maintain these RPTL article 7 proceedings contesting certain tax assessments. In our view Supreme Court erred in its ruling. The judgment should therefore be reversed and respondents' motion for summary judgment denied.

Petitioner is a fractional lessee with its leasehold interest derived from a lease dated February 10, 1970 from Ralph Bierbaum and Hyman Goldfeld to Meadow Elmira Realty Corporation, which required petitioner to pay its pro rata share of taxes to the lessor. Thus, the tax assessments directly and adversely affected petitioner's pecuniary interest as the taxes were passed directly (to the extent of petitioner's share) from the owner to the lessee under the lease terms (see, *Matter of Ames Dept. Stores v Assessor of Town of Concord,* 102 AD2d 9, 11). The lease also allowed petitioner, as tenant, to assert the lessor's undivided property interest in a RPTL article 7 proceeding via the following language: "Tenant [peti-

tioner] may contest any such Impositions[*] in any manner permitted by law, in Tenant's [petitioner's] name and whenever necessary in Overlandlord's * * * or Landlord's name, provided such contest is not prohibited by the terms of any Fee Mortgage or Leasehold Mortgage. Landlord shall cooperate with Tenant [petitioner] and execute any documents or pleadings required for such purpose without charge." This provision conferred on petitioner the contractual right to contest a tax assessment in the lessor's name and is tantamount to permitting petitioner, as the lessee, to assert the lessor's undivided interest in a tax assessment challenge and complies with the first requirement for standing of a fractional lessee *(see, Matter of Waldbaum, Inc. v Finance Adm'r of City of N. Y.,* 74 NY2d 128, 132, 134-135; *see also, Matter of Ames Dept. Stores v Assessor of Town of Concord, supra,* at 10-11).

This interpretation is consistent with the public policy considerations of avoiding the fracture of assessment challenges, preventing duplicative petitions, avoiding multiple litigation in the same parcel by parties of unknown relation to the taxed premises, and ensuring proportional assessments among all entities having obligations flowing out of a divided assessment unit *(see, Matter of Waldbaum, Inc. v Finance Adm'r of City of N. Y., supra,* at 134). Moreover, in the instant proceedings there are no duplicative proceedings nor is there any unavoidable possibility of duplicative proceedings.

Casey, J. P., Yesawich Jr., Levine and Crew III, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, and motion denied.

---

* The term "impositions" includes real estate taxes and assessments.