■ In the Matter of P.G.C. ASSOCIATES, L. L. P., Appellant, v ASSESSORS OF TOWN OF RIVERHEAD et al., Respondents. [704 NYS2d 116] —In consolidated tax certiorari proceedings pursuant to Real Property Tax Law article 7 to review real property tax assessments for the tax years commencing 1993-1994, 1994-1995, 1995-1996, 1996-1997, and 1997-1998, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Werner, J.), dated September 3, 1998, which, after a nonjury trial, denied the petitions and dismissed the proceedings.

Ordered that the judgment is reversed, on the law, with costs, the petitions are reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings.

The petitioner is the owner of a shopping center in Riverhead that occupies eight taxable parcels or lots. The petitioner commenced these tax certiorari proceedings challenging the respondents' real property tax assessments for the tax years commencing 1993-1994, 1994-1995, 1995-1996, 1996-1997, and 1997-1998. Experts for both parties testified and introduced into evidence appraisal reports prepared by them. The petitioner's expert valued the property at approximately $10 million and found that it was overassessed for all five tax years in question. The respondents' expert valued the property at between $13 million and $15 million and found that it was overassessed for three of the tax years in question. The Supreme Court rejected both experts' reports on the ground that they did not contain separate appraisal reports for each of the eight parcels. Finding that the petitioner failed to overcome the presumption of validity that attaches to tax assessments, the Supreme Court denied the petitions and dismissed the proceedings. The petitioner appeals.

The tax law relating to the review of assessments is remedial in character and should be liberally construed so that the taxpayer's right to have its assessment reviewed should not be defeated by a technicality (see, Matter of Waldbaum, Inc. v Finance Adm'r of City of N. Y., 74 NY2d 128). The ultimate purpose of valuation, whether in eminent domain or tax certiorari proceedings, is to arrive at a fair and realistic value of the property involved (see, Matter of General Elec. Co. v Town of Salina, 69 NY2d 730).

The determination of market value is essentially a factual matter. Whether to value an integrated multibuilding industrial property as a single entity or as an aggregate of several subdivided entities is essentially a factual determination of the most economically and physically feasible use of the property. When the best use of the property is as a single entity, consideration must be given to the total operation (see, Matter of Waldbaum, Inc. v Finance Adm'r of City of N. Y., 74 NY2d 128, supra; see also, Roosevelt Nassau Operating Corp. v Board of Assessors, 68 Misc 2d 183, affd 41 AD2d 647).

The Supreme Court improperly found that, since the petitioner failed to produce any evidence of the value of each individual tax lot, it failed to overcome the presumption of validity that attaches to tax assessments. Both the petitioner's and the respondents' appraisers agreed, as evidenced by their valuations of the property as a single entity, that it could not be valued otherwise. Moreover, both appraisers determined that the property was overvalued to some extent.

Since the petitioner produced substantial evidence that the property was overvalued, the Supreme Court erred in denying the petitions and dismissing the proceedings. Once the petitioner has met its initial burden and rebutted the presumption of validity that attaches to tax assessments, the court must weigh the entire record to determine whether the petitioner has established, by a preponderance of the evidence, that its valuation was the more accurate one (*see, Matter of FMC Corp. v Unmack,* 92 NY2d 179). Thus, the matter is remitted to the Supreme Court, Suffolk County, to make that determination. Thompson, J. P., Feuerstein, Schmidt and Smith, JJ., concur.