In the Matter of S. LAL MALIK, Doing Business as MALIKA PALACE INDIAN RESTAURANT AND BAR, Respondent, v TAX COMMISSION OF THE CITY OF NEW YORK et al., Appellants. [889 NYS2d 476]—

The petitioner, a nonfractional lessee of certain property in Queens, is an aggrieved person within the meaning of RPTL 704 (1). Since the lease at bar clearly required the petitioner pay all of the real estate taxes levied against the subject property, any tax assessment of the property directly affects the petitioner's pecuniary interest, and the total assessments were subject to challenge (*see Matter of Waldbaum, Inc. v Finance Adm'r of City of N.Y.*, 74 NY2d 128, 134 [1989]; *Matter of Big "V" Supermarkets, Store #217 v Assessor of Town of E. Greenbush*, 114 AD2d 726 [1985]; *see also Matter of Mack v Assessor of Town of Ramapo*, 72 AD2d 604, 605 [1979]; *cf. Matter of EFCO Prods. v Cullen*, 161 AD2d 44, 46 [1990]; *Matter of Ames Dept. Stores v Assessor of Town of Concord*, 102 AD2d 9, 11 [1984]). Therefore, the Supreme Court properly denied the appellants' motion to dismiss the petitions pursuant to RPTL 714 and, in effect, pursuant to CPLR 3211 (a) (3) on the ground that petitioner is not an aggrieved person within the meaning of RPTL 704.

The appellants' remaining contentions are without merit. Mastro, J.P., Florio, Balkin and Leventhal, JJ., concur.