Matter of Long Is. Power Auth. v Assessor of the Town of Huntington (2018 NY Slip Op 05679)





Matter of Long Is. Power Auth. v Assessor of the Town of Huntington


2018 NY Slip Op 05679


Decided on August 8, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2016-00851
 (Index Nos. 35298/10, 30313/11, 29845/12, 26294/13, 19309/14)

[*1]In the Matter of Long Island Power Authority, appellant, 
v
Assessor of the Town of Huntington, et al., respondents.


Tulis Wilkes Huff & Geiger, LLP, Tarrytown, NY (Mark S. Tulis and Nicholas J. Connolly of counsel), for appellant.
Lewis & Greer, P.C., Poughkeepsie, NY (Veronica A. McMillan of counsel), for respondents.



DECISION & ORDER
In related tax certiorari proceedings pursuant to Real Property Tax Law article 7, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (John C. Bivona, J.), entered November 30, 2015. The judgment, upon an order of the same court dated September 16, 2015, granting the respondents' motion to dismiss the tax certiorari proceedings for lack of standing, dismissed the proceedings.
ORDERED that the judgment is reversed, on the law, with costs, the respondents' motion to dismiss the tax certiorari proceedings for lack of standing is denied, the petitions are reinstated, and the order is modified accordingly.
In June 1997, Long Island Lighting Company (hereinafter LILCO) entered into a "Power Supply Agreement" (hereinafter the PSA) with the petitioner, Long Island Power Authority (hereinafter LIPA), whereby LILCO agreed to sell and deliver to LIPA the energy produced from LILCO's power generating facilities in Nassau and Suffolk Counties, including the Northport Power Station (hereinafter the property). Pursuant to the PSA, LIPA was to make monthly payments to LILCO, including a "Monthly Capacity Charge," which included as a component "property and all other taxes."
During the term of the PSA, LIPA commenced these tax certiorari proceedings pursuant to Real Property Tax Law article 7 to challenge tax assessments levied against facilities, including the property, for the tax years 2010/2011 through 2014/2015. Thereafter, the respondents, Assessor of the Town of Huntington, Board of Assessment Review of the Town of Huntington, and Town of Huntington, moved to dismiss the proceedings for lack of standing. In an order dated September 16, 2015, the Supreme Court granted the respondents' motion to dismiss the proceedings. On November 30, 2015, the court entered a judgment dismissing the proceedings. LIPA appeals from the judgment.
Article 7 of the Real Property Tax Law "confers upon aggrieved' persons standing [*2] to review an assessment of real property'" (Matter of Steel Los III/Goya Foods Inc. v Board of Assessors of County of Nassau, 10 NY3d 445, 452 [emphasis omitted], quoting RPTL 700[1]; 704[1]). "A person is aggrieved' when an assessment has a direct adverse affect on the challenger's pecuniary interests'" (Matter of Steel Los III/Goya Foods Inc. v Board of Assessors of County of Nassau, 10 NY3d at 452-453, quoting Matter of Waldbaum, Inc. v Finance Adm'r of City of N.Y., 74 NY2d 128, 132). Here, since the PSA required LIPA to pay all of the taxes levied against the property, any tax assessment of the property directly affects LIPA's pecuniary interest and, thus, LIPA has standing to challenge the assessments (see Matter of Malik v Tax Commn. of the City of N.Y., 68 AD3d 870, 871; Matter of EFCO Prods. v Cullen, 161 AD2d 44, 46-47; Matter of Big V Supermarkets, Store #217 v Assessor of Town of E. Greenbush, 114 AD2d 726, 727-728).
LIPA's remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court should have denied the respondents' motion to dismiss the proceedings.
SCHEINKMAN, P.J., COHEN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court