■ In the Matter of SUBURBIA FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellant, v MAYOR OF THE INCORPORATED VILLAGE OF LYNBROOK et al., Respondents.—In a tax certiorari proceeding pursuant to article 7 of the Real Property Tax Law, petitioner appeals from (1) an order of the Supreme Court, Nassau County, dated March 15, 1979, which granted the respondents' motion to dismiss the petitions and from (2) an order of the same court, dated June 5, 1979, which denied petitioner's motion for reargument, to allow the subject property's owner to intervene and to amend the petitions accordingly. Appeal from so much of the order dated June 5, 1979 as denied reargument dismissed. No appeal lies from the denial of reargument. Orders otherwise affirmed. The respondents are awarded one bill of $50 costs and disbursements. Petitioner holds a purchase-money mortgage on the subject premises. It filed a petition in each of the years 1975 through 1978 to review the annual assessments levied on the property by the respondent Board of Assessors of the Village of Lynbrook. Special Term granted respondents' motion to dismiss these petitions, holding that the petitioner was not an "aggrieved" person (Real Property Tax Law, § 704, subd 1) entitled to commence a certiorari proceeding. We affirm. Petitioner is "aggrieved" if the injury sustained as a result of the allegedly excessive assessment is "a direct one" *(Matter of Walter,* 75 NY 354, 357). In *Matter of Walter (supra),* the mortgagee had foreclosed upon land which was worth less than the sum of the assessments plus the mortgage debt. The Court of Appeals held that this insufficiency would make the mortgagee an aggrieved person if the mortgagee could not obtain a deficiency judgment for the difference. In the present case, there is no proof that the owner of the premises is in immediate danger of defaulting on his mortgage debt, or that foreclosure on the property would not offset any outstanding assessment as well as the mortgage debt. Therefore, petitioner's alleged injury is a mere possibility separated by several contingencies from the status of the petitioner in *Matter of Walter (supra)* (compare *Matter of Mack v Assessor of Town of Ramapo,* 72 AD2d 604). Lazer, J. P., Gibbons, Gulotta and Cohalan, JJ., concur.