OPINION OF THE COURT
Frank J. LaBuda, J.
This matter comes on by motion for summary judgment by the County of Sullivan pursuant to the petition and notice of foreclosure of the 2003 tax liens against respondent ABC Pacific Realty, LLC. and the respondent’s verified answer thereto.
Respondent ABC Pacific Realty, LLC submits a cross motion for summary judgment.
The Sullivan County Industrial Development Agency (IDA), a tax exempt agency, was the record owner of property located in the Town of Thompson, County of Sullivan in 2002.
The IDA transferred the property to A.P. Equity, a taxable entity, on May 6, 2002 at 9:54 a.m. At this time ABC Pacific Realty, LLC held the mortgage of A.P Equity.
A.P Equity transferred the property to the Unkechaug Indian Nation five minutes later at 9:59 a.m. on May 6, 2002.
Upon becoming aware of said transfer to the Unkechaug Indian Nation the Town of Thompson Assessor sent notice to the new owner (Unkechaug Indian Nation) that the property was reassessed pursuant to Real Property Tax Law § 520 (2) as required.
Ultimately ABC acquired title to the property through a foreclosure proceeding and is the respondent herein for the unpaid 2003 taxes.
Respondent ABC cross-moves for summary judgment arguing the following:
1. The Town of Thompson Assessor should have notified A.P Equity of the reassessment in 2002 as they were the first new owner from the IDA transfer on May 6, 2002 at 9:54 a.m. and said failure makes the reassessment void.
*701 2. The Town of Thompson Assessor should, have notified A.E Equity of the reassessment in 2002 as it was the new owner under RPTL 520 (2) because it was the first new owner from the transfer from a tax exempt entity (IDA) to a taxable entity (A.E Equity) and failure to give this notice prevented respondent herein, ABC as the mortgage holder of A.E Equity, from challenging the assessment. ABC asserts that as mortgage holder of A.E Equity it has standing to seek review of the assessment in 2002.
Respondent ABC is in error.
First, when an assessor is “made aware” that title to real property receiving a total or partial tax exemption has passed to an entity not entitled to said tax exemption he shall forthwith assess such property and shall notify the new owner of the assessment and the right to review of the assessment and reclassification. (RFTL 520 [2].)
The plain reading of the statute requires the assessor to reassess and give notice to the owner at the time he is “made aware” of a title transfer. Said statute does not require the assessor to become a detective and investigate transactions involving the property prior to the time he is “made aware” of a transfer that requires reclassification.
In addition, an owner, if any, prior to the new owner who is notified of the assessment and reclassification would not have standing to review said assessment and reclassification.
Second, respondent ABC asserts that if A.E Equity were given notice herein ABC would have standing as mortgage holder to review the assessment. (See, 4 Ops Counsel SBEA No. 87 [1975].)
This is not accurate. As mortgage holder ABC may have standing to review an assessment under RFTL 704 under the right circumstances.
Standing to review an assessment as an “aggrieved party” requires that a direct injury to that party must occur from said assessment. (See, Matter of Waldbaum, Inc. v Finance Adm’r of City of N.Y., 74 NY2d 128 [1989]; Matter of Suburbia Fed. Sav. & Loan Assn. v Mayor of Inc. Vil. of Lynbrook, 76 AD2d 841 [2d Dept 1980]; Brookmar Corp. v Tax Commr. of City of N.Y., 13 Misc 3d 772 [Sup Ct, Kings County 2006].)
Whether ABC would have been told by A.E Equity if that entity was notified of the within reassessment or whether ABC would have garnered standing to review said assessment is speculative at best.
*702 Based, upon the above, it is ordered that the motion for summary judgment by the County of Sullivan is granted, and it is further ordered that the cross motion for summary judgment by AJBC Pacific Realty, LLC is denied.