In the Matter of FRANCIS GREENBURGER, Respondent, v TAX COMMISSION OF THE CITY OF NEW YORK et al., Appellants. [868 NYS2d 60]—

While there is no question that petitioner's pecuniary interest was affected by the tax assessment against the subject property, petitioner, a fractional lessee, failed to establish that it has standing to maintain these tax certiorari proceedings by demonstrating either that the lease "expressly confers the right to assert the lessor's undivided property interest in a challenge of the assessment" or that it "is required to pay directly the taxes levied against the lessor's undivided parcel" (*Matter of Waldbaum, Inc. v Finance Adm'r of City of N.Y.*, 74 NY2d 128, 132 [1989]).

Article 6.01 (d) of the parties' lease provides that petitioner "shall have the right to direct Landlord to contest or review any and all Taxes . . . by legal proceedings or in such manner as Landlord in its opinion shall deem advisable," at petitioner's expense. This provision does not grant petitioner the right to commence a certiorari action in its own name (*compare Matter of Ames Dept. Store, No. 418 v Assessor of Town of Greece*, 261 AD2d 835 [1999], *and Matter of K-Mart Corp. v Board of Assessors of County of Tompkins*, 176 AD2d 1034 [1991]). Nor do letters from the landlord consenting to the litigation, written years after commencement of the proceedings, retroactively confer standing (*see e.g. Matter of Midway Shopping Ctr. v Town of Greenburgh*, 11 Misc 3d 1071[A], 2006 NY Slip Op 50501[U], *10 [2006]).

While petitioner pays the overwhelming proportion of the taxes and the landlord is a tax-exempt entity, petitioner is not required to pay the taxes directly to the taxing authority; he pays the taxes to the landlord (*see Waldbaum*, 74 NY2d at 132). Concur—Mazzarelli, J.P., Saxe, Catterson, Renwick and Freedman, JJ. [*See* 16 Misc 3d 1116(A), 2007 NY Slip Op 51444(U).]